1   ROB BONTA
    Attorney General of California
2   DONNA M. DEAN
    Supervising Deputy Attorney General
3   State Bar No. 187104
      300 South Spring Street, Suite 1702
4     Los Angeles, CA  90013-1230
      Telephone:  (213) 269-6509
5   Fax:  (916) 731-2120
      E-mail:  Donna.Dean@doj.ca.gov
6   *Attorneys for Defendants*
    *State of California, acting by and through California*
7   *Highway Patrol and Jeremy Barnhart*
    *(erroneously sued as "Officer Barnhart")*
8
                    IN THE UNITED STATES DISTRICT COURT
9
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11

12

13   **KENNETH FRIER, individually and as**          5:26-cv-01367-EKL
     **successor in interest to MICHAEL FRIER,**
14   **deceased; AND LAURA CASAS FRIER,**            **ANSWER TO COMPLAINT**
     **individually and as successor in interest to**
15   **MICHAEL FRIER, deceased,**                    Judge:        The Honorable Eumi K. Lee

16                                    Plaintiffs,    Trial Date:   Not set

17              v.                                   Action Filed: December 20, 2025

18
     **STATE OF CALIFORNIA; FALCON**
19   **CRITICAL CARE TRANSPORT, LLC;**
     **OFFICER BARNHART (BADGE # 23032);**
20   **VIRGIL FARRIS; CYRUS GHORBANI;**
     **and DOES 1-20, inclusive,**
21
                                    Defendants.
22

23

24

25

26

27

28

                                        1

COME NOW Defendants State of California, acting by and through the California Highway Patrol (CHP), and Jeremy Barnhart (erroneously sued as "Officer Barnhart") and in response to the complaint on file herein admit, deny and allege as follows:

## JURISDICTION AND VENUE

1.     Answering paragraph 1 of the complaint, said paragraph contains conclusions of law which do not require an answer.

2.     Answering paragraph 2 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 2 may be deemed to require an answer, answering defendants admit that the incidents, events, and occurrences giving rise to this action occurred in the County of Santa Clara, California.  Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.     Answering defendants admit the allegations in paragraph 3 of the complaint.

4.     Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 4 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

## INTRODUCTION

5.     Answering paragraph 5 of the complaint, answering defendants admit this lawsuit arises out of the death of decedent Michael Frier on December 19, 2024.  Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations regarding "medical transporters" in paragraph 5 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.  Answering defendants deny each and every remaining allegation of said paragraph and any inferences that may be drawn therefrom.

## PARTIES

6.     Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 6 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

7.      Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 7 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

8.      Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 8 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

9.      Answering defendants admit the first sentence of paragraph 9.  The second and third sentences of paragraph 9 contains conclusions of law which do not require an answer.

10.      Answering paragraph 10 of the complaint, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 10 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

11.      Answering paragraph 11 of the complaint, answering defendants admit that, at all relevant times, Officer Barnhart "was acting under color of state law and in the course and scope of his duties as a police officer for CHP."  Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' remaining allegations in paragraph 11 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

12.      Answering paragraph 12 of the complaint, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 12 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

13.      Answering paragraph 13 of the complaint, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 13 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

14.      Answering paragraph 14 of the complaint, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in

paragraph 14 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

15.     Answering paragraph 15 of the complaint, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 15 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

16.     Answering paragraph 16 of the complaint, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 16 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

17.     Answering paragraph 17 of the complaint, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 17 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

18.     Answering paragraph 18 of the complaint, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 18 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

19.     Answering paragraph 19 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 19 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 19 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

20.     Answering paragraph 20 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 20 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 20 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

21.    Answering paragraph 21 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 21 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 21 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

22.    Answering paragraph 22 of the complaint, said paragraph contains conclusions of law which do not require an answer.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

23.    Answering paragraph 23 of the complaint, answering defendants reasserts and incorporates by this reference its responses to paragraphs 1 through 22, inclusive, as though fully set forth at length herein.

24.    Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 24 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

25.    Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 25 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

26.    Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 26 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

27.    Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 27 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

28.    Answering paragraph 28 of the complaint, answering defendants admit that Officer Barnhart and other CHP officers responded to the scene.  Answering defendants deny each and every remaining allegations in paragraph 28 of the complaint and any inferences that may be drawn therefrom.

29.    Answering defendants deny each and every allegation in paragraph 29 of the

complaint and any inferences that may be drawn therefrom.

30.    Answering paragraph 30 of the complaint, answering defendants admit that handcuffs were placed on DECEDENT.  Answering defendants deny each and every remaining allegations in paragraph 30 of the complaint and any inferences that may be drawn therefrom.

31.    Answering defendants deny each and every allegation in paragraph 31 of the complaint and any inferences that may be drawn therefrom.

32.    Answering defendants deny each and every allegation in paragraph 32 of the complaint and any inferences that may be drawn therefrom.

33.    Answering defendants deny each and every allegation in paragraph 33 of the complaint and any inferences that may be drawn therefrom.

34.    Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 34 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

35.    Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 35 of the complaint and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants FARRIS, GHORBANI, BARNHART, and DOE OFFICERS)

36.    Answering paragraph 36 of the complaint, answering defendants reasserts and incorporates by this reference its responses to paragraphs 1 through 35, inclusive, as though fully set forth at length herein.

37.    Answering defendants deny each and every allegation in paragraph 37 of the complaint and any inferences that may be drawn therefrom.

38.    Answering defendants deny each and every allegation in paragraph 38 of the complaint and any inferences that may be drawn therefrom.

39.    Answering defendants deny each and every allegation in paragraph 39 of the complaint and any inferences that may be drawn therefrom.

40.    Answering defendants deny each and every allegation in paragraph 40 of the complaint and any inferences that may be drawn therefrom.

41.    Answering defendants deny each and every allegation in paragraph 41 of the complaint and any inferences that may be drawn therefrom.

42.    Answering paragraph 42 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 42 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 42 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

43.    Answering paragraph 43 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 43 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 43 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

## SECOND CAUSE OF ACTION

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

(Against Defendants FARRIS, GHORBANI, BARNHART, and DOE OFFICERS)

44.    Answering paragraph 44 of the complaint, answering defendants reasserts and incorporates by this reference its responses to paragraphs 1 through 43, inclusive, as though fully set forth at length herein.

45.    Answering defendants deny each and every allegation in paragraph 45 of the complaint and any inferences that may be drawn therefrom.

46.    Answering defendants deny each and every allegation in paragraph 46 of the complaint and any inferences that may be drawn therefrom.

47.    Answering defendants deny each and every allegation in paragraph 47 of the complaint and any inferences that may be drawn therefrom.

48.    Answering defendants deny each and every allegation in paragraph 48 of the complaint and any inferences that may be drawn therefrom.

49.     Answering defendants deny each and every allegation in paragraph 49 of the complaint and any inferences that may be drawn therefrom.

50.     Answering defendants deny each and every allegation in paragraph 50 of the complaint and any inferences that may be drawn therefrom.

51.     Answering paragraph 51 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 51 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 51 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

52.     Answering paragraph 52 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 52 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 52 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

<strong><u>THIRD CAUSE OF ACTION</u></strong>

**Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants FARRIS, GHORBANI, BARNHART, and DOE OFFICERS)

53.     Answering paragraph 53 of the complaint, answering defendants reasserts and incorporates by this reference its responses to paragraphs 1 through 52, inclusive, as though fully set forth at length herein.

54.     Answering defendants deny each and every allegation in paragraph 54 of the complaint and any inferences that may be drawn therefrom.

55.     Answering defendants deny each and every allegation in paragraph 55 of the complaint and any inferences that may be drawn therefrom.

56.     Answering defendants deny each and every allegation in paragraph 56 of the complaint and any inferences that may be drawn therefrom.

57.     Answering defendants deny each and every allegation in paragraph 57 of the complaint and any inferences that may be drawn therefrom.

58.     Answering defendants deny each and every allegation in paragraph 58 of the complaint and any inferences that may be drawn therefrom.

59.     Answering defendants deny each and every allegation in paragraph 59 of the complaint and any inferences that may be drawn therefrom.

60.     Answering paragraph 60 of the complaint, answering defendants admit that, at all relevant times, Officer Barnhart "was acting under color of state law."  Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' remaining allegations in paragraph 60 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

61.     Answering defendants deny each and every allegation in paragraph 61 of the complaint and any inferences that may be drawn therefrom.

62.     Answering paragraph 62 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 62 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 62 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

63.     Answering paragraph 63 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 63 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 63 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

## **FOURTH CAUSE OF ACTION**

### **Supervisory Liability (42 U.S.C. § 1983)**

(Against Defendants DOES 6-10)

64.     Answering paragraph 64 of the complaint, answering defendants reasserts and incorporates by this reference its responses to paragraphs 1 through 63, inclusive, as though fully set forth at length herein.

//

65. Answering paragraph 65 of the complaint, answering defendants admit that, at all relevant times, Officer Barnhart "was acting under color of state law." Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' remaining allegations in paragraph 65 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

66. Answering paragraph 66 of the complaint, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 66 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

67. Answering defendants deny each and every allegation in paragraph 67 of the complaint and any inferences that may be drawn therefrom.

68. Answering defendants deny each and every allegation in paragraph 68 of the complaint and any inferences that may be drawn therefrom.

69. Answering defendants deny each and every allegation in paragraph 69 of the complaint and any inferences that may be drawn therefrom.

70. Answering defendants deny each and every allegation in paragraph 70 of the complaint and any inferences that may be drawn therefrom.

71. Answering defendants deny each and every allegation in paragraph 71 of the complaint and any inferences that may be drawn therefrom.

72. Answering defendants deny each and every allegation in paragraph 72 of the complaint and any inferences that may be drawn therefrom.

73. Answering defendants deny each and every allegation in paragraph 73 of the complaint and any inferences that may be drawn therefrom.

74. Answering paragraph 74 of the complaint, said paragraph contains conclusions of law which do not require an answer. To the extent that paragraph 74 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 74 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

75.    Answering paragraph 75 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 75 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 75 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

### FIFTH CAUSE OF ACTION

#### Substantive Due Process (42 U.S.C. § 1983)

(Against Defendants FARRIS, GHORBANI, BARNHART, and DOE OFFICERS)

76.    Answering paragraph 76 of the complaint, answering defendants reasserts and incorporates by this reference its responses to paragraphs 1 through 75, inclusive, as though fully set forth at length herein.

77.    Answering paragraph 77 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 77 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 77 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

78.    Answering paragraph 78 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 78 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 78 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

79.    Answering defendants deny each and every allegation in paragraph 79 of the complaint and any inferences that may be drawn therefrom.

80.    Answering defendants deny each and every allegation in paragraph 80 of the complaint and any inferences that may be drawn therefrom.

81.    Answering defendants deny each and every allegation in paragraph 81 of the complaint and any inferences that may be drawn therefrom.

//

82.      Answering defendants deny each and every allegation in paragraph 82 of the complaint and any inferences that may be drawn therefrom.

83.      Answering paragraph 83 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 83 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 83 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

84.      Answering paragraph 84 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 84 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 84 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

**<u>SIXTH CAUSE OF ACTION</u>**

**False Arrest/False Imprisonment (Survival and Wrongful Death)**

(Against all Defendants)

85.      Answering paragraph 85 of the complaint, answering defendants reasserts and incorporates by this reference its responses to paragraphs 1 through 84, inclusive, as though fully set forth at length herein.

86.      Answering defendants deny each and every allegation in paragraph 86 of the complaint and any inferences that may be drawn therefrom.

87.      Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 87 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

88.      Answering defendants deny each and every allegation in paragraph 88 of the complaint and any inferences that may be drawn therefrom.

89.      Answering defendants deny each and every allegation in paragraph 89 of the complaint and any inferences that may be drawn therefrom.

//

90.   Answering defendants deny each and every allegation in paragraph 90 of the complaint and any inferences that may be drawn therefrom.

91.   Answering defendants deny each and every allegation in paragraph 91 of the complaint and any inferences that may be drawn therefrom.

92.   Answering defendants deny each and every allegation in paragraph 92 of the complaint and any inferences that may be drawn therefrom.

93.   Answering defendants deny each and every allegation in paragraph 93 of the complaint and any inferences that may be drawn therefrom.

94.   Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 94 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

95.   Answering defendants deny each and every allegation in paragraph 95 of the complaint and any inferences that may be drawn therefrom.

96.   Answering paragraph 96 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 96 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 96 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

97.   Answering paragraph 97 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 97 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 97 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

//

//

//

//

//

1

2

3

**SEVENTH CAUSE OF ACTION**

**Battery (Survival and Wrongful Death)**

(Against All Defendants)

4       98.      Answering paragraph 98 of the complaint, answering defendants reassert and

5   incorporate by this reference its responses to paragraphs 1 through 97, inclusive, as though fully

6   set forth at length herein.

7       99.      Answering defendants lack sufficient knowledge or information from which to

8   form a belief as to the truth of plaintiffs' allegations in paragraph 99 of the complaint, and, on that

9   basis, deny those allegations and any inferences that may be drawn therefrom

10      100.     Answering paragraph 100 of the complaint, answering defendants admit that, at all

11  relevant times, Officer Barnhart was acting within the course and scope of his duties as a peace

12  officer employed by CHP.  Answering defendants lack sufficient knowledge or information from

13  which to form a belief as to the truth of plaintiffs' remaining allegations in paragraph 100 of the

14  complaint, and, on that basis, deny those allegations and any inferences that may be drawn

15  therefrom.

16      101.     Answering defendants deny each and every allegation in paragraph 101 of the

17  complaint and any inferences that may be drawn therefrom.

18      102.     Answering defendants deny each and every allegation in paragraph 102 of the

19  complaint and any inferences that may be drawn therefrom.

20      103.     Answering defendants deny each and every allegation in paragraph 103 of the

21  complaint and any inferences that may be drawn therefrom.

22      104.     Answering defendants lack sufficient knowledge or information from which to

23  form a belief as to the truth of plaintiffs' allegations in paragraph 104 of the complaint, and, on

24  that basis, deny those allegations and any inferences that may be drawn therefrom.

25      105.     Answering defendants deny each and every allegation in paragraph 105 of the

26  complaint and any inferences that may be drawn therefrom.

27      106.     Answering defendants deny each and every allegation in paragraph 106 of the

28  complaint and any inferences that may be drawn therefrom.

107.    Answering paragraph 107 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 107 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 107 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

108.    Answering paragraph 108 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 108 may be deemed to require an answer, answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 108 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

## EIGHTH CAUSE OF ACTION

**Negligence and Negligent Training and Supervision (Survival and Wrongful Death)**

(Against all Defendants)

109.    Answering paragraph 109 of the complaint, answering defendants reassert and incorporate by this reference its responses to paragraphs 1 through 108, inclusive, as though fully set forth at length herein.

110.    Answering defendants deny each and every allegation in paragraph 110 of the complaint and any inferences that may be drawn therefrom.

111.    Answering defendants deny each and every allegation in paragraph 111 of the complaint and any inferences that may be drawn therefrom.

112.    Answering defendants deny each and every allegation in paragraph 112 of the complaint and any inferences that may be drawn therefrom.

113.    Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 113 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

114.    Answering defendants deny each and every allegation in paragraph 114 of the complaint and any inferences that may be drawn therefrom.

//

115.   Answering defendants deny each and every allegation in paragraph 115 of the complaint and any inferences that may be drawn therefrom.

116.   Answering paragraph 116 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 116 may be deemed to require an answer, answering defendants deny each and every allegation in paragraph 116 of the complaint and any inferences that may be drawn therefrom.

117.   Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 117 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

## NINTH CAUSE OF ACTION

### Medical Negligence (Survival and Wrongful Death)

(Against Defendants FALCON TRANSPORT, FARRIS, and GHORBANI)

118-140.      Paragraphs 118 through 140 do not apply to these answering defendants.

## TENTH CAUSE OF ACTION

### Violation of Cal. Civil Code § 52.1 (Bane Act)

(Against all Defendants)

141.   Answering paragraph 141 of the complaint, answering defendants reassert and incorporate by this reference its responses to paragraphs 1 through 140, inclusive, as though fully set forth at length herein.

142.   Answering paragraph 142 of the complaint, said paragraph contains conclusions of law which do not require an answer.

143.   Answering defendants deny each and every allegation in paragraph 143 of the complaint and any inferences that may be drawn therefrom.

144.   Answering defendants deny each and every allegation in paragraph 144 of the complaint and any inferences that may be drawn therefrom.

145.   Answering defendants deny each and every allegation in paragraph 145 of the complaint and any inferences that may be drawn therefrom.

//

146.   Answering defendants deny each and every allegation in paragraph 146 of the complaint and any inferences that may be drawn therefrom.

147.   Answering defendants lack sufficient knowledge or information from which to form a belief as to the truth of plaintiffs' allegations in paragraph 147 of the complaint, and, on that basis, deny those allegations and any inferences that may be drawn therefrom.

148.   Answering defendants deny each and every allegation in paragraph 148 of the complaint and any inferences that may be drawn therefrom.

149.   Answering defendants deny each and every allegation in paragraph 149 of the complaint and any inferences that may be drawn therefrom.

150.   Answering paragraph 150 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 150 may be deemed to require an answer, answering defendants deny each and every allegation in paragraph 150 of the complaint and any inferences that may be drawn therefrom.

151.   Answering paragraph 151 of the complaint, said paragraph contains conclusions of law which do not require an answer.  To the extent that paragraph 151 may be deemed to require an answer, answering defendants deny each and every allegation in paragraph 151 of the complaint and any inferences that may be drawn therefrom.

**AS SEPARATE AND AFFIRMATIVE DEFENSES**, answering defendants alleges as follows:

AFFIRMATIVE DEFENSE NO. 1:

The complaint herein fails to state facts sufficient to constitute any cause of action against defendants.

AFFIRMATIVE DEFENSE NO. 2:

Plaintiffs' decedent's own conduct estops plaintiffs from claiming the damages alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 3:

Plaintiffs have waived any right to relief for the causes of action alleged in the complaint.

//

AFFIRMATIVE DEFENSE NO. 4:

The instant action is barred by the doctrine of unclean hands.

AFFIRMATIVE DEFENSE NO. 5:

The complaint and each cause of action therein are barred by Code of Civil Procedure sections 335.1, 338, and 340.

AFFIRMATIVE DEFENSE NO. 6:

The complaint and each cause of action therein are barred by the statute of limitations of Code of Civil Procedure section 342 and Government Code sections 945.4 and 945.6.

AFFIRMATIVE DEFENSE NO. 7:

All acts of individual defendants occurred in the proper exercise of their job duties and police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

AFFIRMATIVE DEFENSE NO. 8:

Individual defendants are immune from damages in their official capacity under the Eleventh Amendment.

AFFIRMATIVE DEFENSE NO. 9:

Individual defendants were at all relevant times acting within the course and scope of duty of public employment.

AFFIRMATIVE DEFENSE NO. 10:

Individual defendants did not deprive any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States.

AFFIRMATIVE DEFENSE NO. 11:

Individual defendants did not perform any affirmative act, participate in another's affirmative acts, or omit to perform an act which they were legally required to do.

AFFIRMATIVE DEFENSE NO. 12:

At all times relevant, individual defendants did not violate any clearly established statutory or constitutional right of which a reasonable officer would have known.  Individual defendants are therefore immune from liability.

1    AFFIRMATIVE DEFENSE NO. 13:

2        Individual defendants are entitled to qualified immunity.  Individual defendants acted at

3    all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant

4    to laws, regulations, rules, and practices reasonably believed to be in accordance with the

5    Constitution and laws of the United States. There is no liability pursuant to the Federal Civil

6    Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's

7    actions are in accord with the clearly established law.

8    AFFIRMATIVE DEFENSE NO. 14:

9        The complaint herein fails to state facts sufficient to constitute a cause of action under 42

10   U.S.C. section 1983 in that simple negligence is not a federal civil rights violation.

11   AFFIRMATIVE DEFENSE NO. 15:

12       There is no imputed liability between public officers in actions under the Federal Civil

13   Rights Act.

14   AFFIRMATIVE DEFENSE NO. 16:

15       Insofar as any individual defendants have approved or reviewed determinations and

16   actions of any subordinate, such review and approval was done in a legislative, judicial, or

17   quasi-judicial capacity, within the scope of discretion, with due care, and with a reasonable and

18   good faith belief that such actions were in accordance with the Constitution and laws of the

19   United States.

20   AFFIRMATIVE DEFENSE NO. 17:

21       Insofar as any individual defendants have promulgated any rule or regulation or directive,

22   such promulgation was done within the scope of discretion, in good faith, with due care, and with

23   the intent that such rule or regulation or directive conforms in all respects to the Constitution and

24   laws of the United States.

25   AFFIRMATIVE DEFENSE NO. 18:

26       Individual defendants will be entitled to reasonable attorneys' fees and costs of suit upon

27   prevailing within the meaning of 42 U.S.C. section 1988.

28   //

AFFIRMATIVE DEFENSE NO. 19:

The complaint and each cause of action therein are barred and this court is without jurisdiction as there has been a failure to exhaust administrative remedies.

AFFIRMATIVE DEFENSE NO. 20:

The action is barred by the failure to precede the action with a claim as required by Government Code sections 945.4, 911.2, 905.2, and 950.2.

AFFIRMATIVE DEFENSE NO. 21:

If and to the extent that any claim was presented to the Government Claims Board, this lawsuit is untimely because it was filed more than six-months after a written notice of rejection of claim was personally delivered or deposited in the mail.  Gov. Code § 945.6.

AFFIRMATIVE DEFENSE NO. 22:

If and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in the California Victim Compensation Board claim, if any there was, said complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 23:

Plaintiffs' decedent herein willingly, voluntarily and knowingly assumed each, every, and all the risks and hazards involved in the activities alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 24:

Plaintiffs' decedent willingly, voluntarily and knowingly took the risk of inciting a confrontation with the individual defendants, whom plaintiffs' decedent knew or reasonably should have known to be peace officers, and thereby assumed each, every, and all the risks and hazards implicated by the events alleged in the complaint.  Such conduct is a reasonable implied assumption of the risk.

AFFIRMATIVE DEFENSE NO. 25:

Any and all alleged happenings and events, damages and injuries, if any there were, were proximately caused and contributed to by the negligence of plaintiffs' decedent and others, each and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 26:

Should plaintiffs herein recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence or other legal responsibility of any other person or entity caused or contributed to damages, if any there were.

AFFIRMATIVE DEFENSE NO. 27:

No defendants owed any duty of care to the plaintiffs or plaintiffs' decedent. *Zelig* v. *County of Los Angeles*, 27 Cal.4th 1112, 1131 (2002).

AFFIRMATIVE DEFENSE NO. 28:

Public entities are not liable for employee torts that occur outside the scope of employment. *Hoff* v. *Vacaville Unified School District*, 19 Cal.4th 925, 932-933 (1998).

AFFIRMATIVE DEFENSE NO. 29:

Neither the public entity nor any employee within the scope of employment stood in such a special relationship to any person alleged in the complaint so as to give rise to any duty running to any person.

AFFIRMATIVE DEFENSE NO. 30:

There is no basis for imposing vicarious liability on a public entity when its employee is not liable. Cal. Gov. Code § 815.2; *Zelig* v. *County of Los Angeles*, *supra*, 27 Cal.4th at 1131.

AFFIRMATIVE DEFENSE NO. 31:

The detention or arrest, if any there was, alleged in the complaint was regular and lawful and made in good faith by a peace officer or peace officers acting within the course and scope of authority and with reasonable cause to believe at the time that such action was lawful.

AFFIRMATIVE DEFENSE NO. 32:

Only reasonable force under the circumstances was used in the incident alleged in the complaint. There is no liability pursuant to California Penal Code sections 835 and 835a and California Government Code section 815.2. Plaintiffs' decedent knew or should have known that a lawful pursuit, stop and/or detention was being made by peace officers and had a duty to refrain from using force or any weapon, such as the vehicle plaintiffs' decedent was operating, to resist any such stop and/or detention, and was in violation of California Penal Code sections 148, 241,

243, 245 and 834a in failing to refrain from assaulting, threatening, battering, obstructing and resisting peace officers.

AFFIRMATIVE DEFENSE NO. 33:

To the extent that any person was restrained or restricted in any way in the incident alleged in the complaint, such restraint and restriction was a lawful detention rather than an arrest.

AFFIRMATIVE DEFENSE NO. 34:

There was reasonable cause to make the detention or arrest, if any there was, alleged in the complaint.

AFFIRMATIVE DEFENSE NO. 35:

To the extent any force was used as alleged in the complaint, its use was privileged and necessary in the protection of life, to prevent escape, and to overcome resistance.

AFFIRMATIVE DEFENSE NO. 36:

At the time and place alleged in the complaint, individual defendants were peace officers in the course and scope of employment. At all relevant times, individual defendants had reasonable cause to believe that plaintiffs' decedent had committed a public offense in an officer's presence, to wit, a violation of the law of the State of California, and so believing, exercised the power, and discharged the duty, to effect lawful detention, protect life, prevent escape, and to overcome resistance.

AFFIRMATIVE DEFENSE NO. 37:

Public entities are immune from suit when their employees are immune from suit. Cal. Gov. Code § 815.2.

AFFIRMATIVE DEFENSE NO. 38:

To the extent that individual defendants used force in the incident alleged in the complaint, such use of force was in the exercise of the right of self-defense or the right to defend others. Cal. Civ. Code §§ 43, 50; Cal. Pen. Code §§ 197, 198.5, 417, 692, 835a, 836.5, subd. (b).

AFFIRMATIVE DEFENSE NO. 39:

To the extent that individual defendants used force during the incident alleged in the complaint, it was privileged as reasonably necessary, and was believed to be reasonably

1  necessary, in the lawful defense of third parties.

2  AFFIRMATIVE DEFENSE NO. 40:

3        At the times and places alleged in the complaint, plaintiffs' decedent willfully and

4  unlawfully used force and violence upon the person of another and provoked the altercation and

5  events alleged in the complaint by unlawful and wrongful conduct.  The force employed, if any,

6  to prevent the continuance of such conduct was reasonable and not excessive.

7  AFFIRMATIVE DEFENSE NO. 41:

8        To the extent that the complaint herein attempts to predicate liability upon any public

9  entity defendants, or any agent or employee thereof, for purported negligence in retention, hiring,

10  employment, training, or supervision of any public employee, liability is barred by Government

11  Code sections 815.2 and 820.2 and *Herndon* v. *County of Marin,* 25 Cal.App.3d 933, 935-936

12  (1972) overruled on other grounds by *Sullivan* v. *County of Los Angeles,* 12 Cal.3d 710 (1974);

13  by the lack of any duty running to plaintiffs; by the fact that any such purported act or omission is

14  governed exclusively by statute and is outside the purview of any public employees' authority;

15  and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in

16  the complaint.

17  AFFIRMATIVE DEFENSE NO. 42:

18        There is no liability in that the acts alleged in the complaint, if done at all, were done in

19  the execution and enforcement of the law while exercising due care.  Cal. Gov. Code §§ 815.2,

20  820.4.

21  AFFIRMATIVE DEFENSE NO. 43:

22        The answering public entity is immune from suit pursuant to Government Code section

23  815 to the extent that the complaint and each cause of action therein attempt to state a cause of

24  action not provided by statute against a public entity.

25  AFFIRMATIVE DEFENSE NO. 44:

26        There is no liability for any injury or damages, if any there were, resulting from an

27  exercise of discretion vested in a public employee, whether or not such discretion be abused.  Cal.

28  Gov. Code §§ 815.2, 820.2.

23

AFFIRMATIVE DEFENSE NO. 45:

There is no liability for injuries, if any there were, caused by third parties, including employee subordinates.  Cal. Gov. Code §§ 815.2, 820.8.

AFFIRMATIVE DEFENSE NO. 46:

At all relevant times, plaintiffs and plaintiffs' decedent failed to mitigate injury and damages.

AFFIRMATIVE DEFENSE NO. 47:

The damages alleged in the complaint herein are subject to a set-off either partially or in full.

AFFIRMATIVE DEFENSE NO. 48:

Pursuant to California Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

AFFIRMATIVE DEFENSE NO. 49:

Pursuant to California Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

AFFIRMATIVE DEFENSE NO. 50:

Payment of any judgment rendered is subject to the provisions of California Government Code sections 965 through 965.6, including the approval of any necessary Legislation authorizing such payment.

AFFIRMATIVE DEFENSE NO. 51:

Should defendants be found liable to plaintiffs, which liability is expressly denied, any award for past medical expenses cannot exceed the amount paid by any third party to plaintiffs' decedent's medical providers as full payment for the medical services rendered.  In addition, to the extent plaintiffs' decedent's fault caused or contributed to plaintiffs' decedent's injury, any award for past medical expenses can be further reduced in accordance with the provisions of California Government Code section 985.

//

AFFIRMATIVE DEFENSE NO. 52:

The acts complained of by plaintiffs were provoked by plaintiffs' decedent's unlawful and wrongful conduct; therefore, plaintiffs are not entitled to an award of punitive damages.

AFFIRMATIVE DEFENSE NO. 53:

The complaint and each cause of action therein fail to allege facts sufficient to state a claim for punitive damages.  Cal. Gov. Code § 818; Cal. Civ. Code, § 3294.

AFFIRMATIVE DEFENSE NO. 54:

Any award for punitive damages herein would result in a deprivation of rights under the Constitutions of the United States and of the State of California in that:

1) Defendants would be placed in double jeopardy by being tried twice for the same offense in contravention of the Fifth Amendment;

2) The statutes and laws purporting to prescribe criteria for an award for punitive damages are vague in that they are not sufficiently specific to know what conduct will subject one to such penalty;

3) Any award of punitive damages herein would violate the due process clauses of the Constitutions of the United States and the State of California in that the standards for setting such damages are void for vagueness and there is no objective standard for limiting the amount of punitive damages;

4) Defendants would be required to be a witness in contravention of the Fifth Amendment;

5) Such damages would be imposed without proof of guilt beyond a reasonable doubt in contravention of the Sixth Amendment;

6) Defendants would be deprived of equal protection of the laws in contravention of the Fifth and Fourteenth Amendments in that any award is based in part upon individual wealth or economic status;

7) Such award for punitive damages would violate the equal protection clauses of the Constitutions of the United States and the State of California in that it would encourage disproportionate punishment without a rational basis and amount to an arbitrary classification;

8) Such damages would amount to excessive fines in contravention of the Eighth Amendment; and

9) Defendants would be deprived in other ways of the right to due process of law.

By reason of the above premises, the award of punitive damages herein should not be allowed.

AFFIRMATIVE DEFENSE NO. 55:

This action was filed and is maintained without reasonable cause and without a good faith belief that there is a justifiable controversy under the facts and law to warrant the filing of the pleading.  As the proceeding arises under the California Tort Claims Act, defendants are entitled to recover costs, including reasonable attorneys' fees, upon prevailing on summary judgment, judgment before presentation of defense evidence, directed verdict, or nonsuit.  Cal. Civ. Proc. Code § 1038.

AFFIRMATIVE DEFENSE NO. 56:

Because the complaint is couched in conclusory terms, all affirmative defenses that may be applicable to the within action cannot be fully anticipated. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved.

WHEREFORE, defendants pray that:

1.    Judgment be rendered in favor of defendants and against plaintiffs;

2.    Plaintiffs take nothing by their complaint;

3.    Defendants be awarded costs of suit and attorneys' fees incurred herein; and

4.    Defendants be awarded such other and further relief as the Court may deem necessary and proper.

//

//

//

//

//

26

1

### DEMAND FOR JURY TRIAL

2        Pursuant to Federal Rule of Civil Procedure Rule 38 and all other applicable rules and

3  provisions of law, defendants hereby demand trial by jury in this case.

4

5  Dated:  February 20, 2026                    Respectfully submitted,

6                                              ROB BONTA
                                               Attorney General of California
7
                                               s/ Donna M. Dean
8
                                               DONNA M. DEAN
9                                              Supervising Deputy Attorney General
                                               *Attorneys for Defendants*
10                                             *State of California, acting by and through*
                                               *California Highway Patrol and Jeremy*
11                                             *Barnhart (erroneously sued as "Officer*
                                               *Barnhart")*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28