LAW OFFICES OF DALE K. GALIPO
Dale Galipo (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

LAW OFFICE OF JOHN FATTAHI
John Fattahi (SBN 247625)
jfattahi@gmail.com
21250 Hawthorne Blvd, Suite 500
Torrance, CA 90503
Tel: (424) 999-5579

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KENNETH FRIER, etc., et al.,

Plaintiffs,

vs.

STATE OF CALIFORNIA; et al.,

Defendants.

Case No. 5:26-cv-01367-EKL

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN FATTAHI**

*Before the Hon. Eumi K. Lee*

Date: *TBD*
Time: 10:00 a.m.
Ctrm.: 7, 4th Floor, San Jose

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that, on a date *to be determined*[1] in Courtroom 7 (San Jose) of the above-entitled Court, Plaintiffs Kenneth Frier and Laura Casas Frier, through their counsel, will and hereby do move the Court by way of this Motion for leave to file a First Amended Complaint pursuant to Federal Rules of Civil Procedure 15, 19, and 21, on the grounds that justice requires leave to amend.

**Meet-and-Confer Statement**: Plaintiffs respectfully request to be excused from the seven-day meet and confer requirement because they could not reasonably comply with it under the circumstances, specifically, the August 19, 2026 deadline to seek leave to amend. Alternatively, Plaintiffs request an extension of the amendment deadline. Plaintiffs served initial discovery requests on June 10, 2026. Plaintiffs received Defendants' responses on July 31 (Defendant State of California), and August 15 (Defendant Falcon). Plaintiffs diligently reviewed those responses and accompanying document productions, but could not determine the extent of the necessary amendments until August 18. On August 18, Plaintiffs transmitted clean and redlined

[1] As explained herein, it was not possible to meet-and-confer or bring this motion at an earlier date, and the deadline for amendment is August 19, 2026. The parties met-and-conferred regarding potential hearing dates and jointly emailed the Courtroom Deputy on August 19 at 2:30 p.m., to request a hearing on either December 2, 9, or 16. The Court's website indicated the preceding hearing dates were all closed. No response was received by 5:00 p.m., and therefore the motion was filed without a specific hearing date. Upon notification of a hearing-date reservation, Plaintiffs will file an amended motion with the appropriate date.

copies of the proposed First Amended Complaint to all defense counsel and inquired whether the amendment would be stipulated or would require leave of Court. On the afternoon of August 19—the deadline for seeking leave to amend—the parties met-and-conferred by email and telephone, and Defendants ultimately indicated that they could not stipulate to the amendment at present. The parties intend to continue their meet-and-confer discussions while the motion is pending and, if they reach an agreement, will notify the Court immediately.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of John Fattahi and exhibits thereto, the records and files of this Court, and upon such other oral and documentary evidence as may be presented at the time of the hearing.

DATED: August 19, 2026

Law Offices of Dale K. Galipo
Law Office of John Fattahi

s/ John Fattahi
John Fattahi
*Attorney for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 19, 2024, on the side of the Interstate 280 freeway, during an interfacility transfer for involuntary mental health care, Michael Frier, a 32-year-old nurse, lost his life while in the custody of medical-transportation and law-enforcement officers. After recklessly allowing Michael Frier to exit the ambulance despite being informed that he was a flight risk, the medical transporters employed by Defendant Falcon Critical Care Transport, LLC ("Falcon") restrained Michael Frier on the ground while applying a significant amount of bodyweight and downward pressure. California Highway Patrol officers handcuffed and further restrained Michael Frier, who weighed 141 pounds, restricting his ability to breathe for a prolonged period and depriving him of sufficient oxygen to support life. The official autopsy found petechial hemorrhages—the hallmarks of death by asphyxia. Michael Frier was 32 years old when he died at the hands of state actors whose job was to help him. His parents are Plaintiffs Kenneth Frier and Laura Casas Frier.

Plaintiffs hereby seek leave of Court to file a First Amended Complaint to conform their allegations and claims for relief to additional information that recently was discovered. Plaintiffs have learned, after obtaining initial discovery from Defendants, that they have a basis for expanding their allegations to reflect the involvement of CHP Officers Miguel Duque and Lance Winfield, who were involved in Michael Frier's detention on the side of the freeway.

Information regarding the roles of these CHP employees was previously unavailable to Plaintiffs. The Court's deadline to request leave to amend the pleadings is August 19, 2026. Plaintiffs' motion for leave to amend should be granted because justice so requires.

## II. LEGAL STANDARD

Under Rule 15, the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Denial of a motion to amend is appropriate only when the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martinez v. City of Newport Beach*, 125 F.3d 777, 785 (9th Cir. 1997).

## III. ARGUMENT

### A. Plaintiffs satisfy the liberal amendment standard of Rule 15.

Plaintiffs' proposed amendment easily satisfies Rule 15's liberal policy favoring amendment. Plaintiffs seek leave to amend as follows:

1. to add new parties CHP Officers Miguel Duque and Lance Winfield, acting under color of state law and in the course and scope of their employment with the State of California, as named defendants in place of Does 2 and 3 in the original Complaint;
2. to correct the name of Defendant Jeremy Barnhart; and
3. to conform various allegations to information that was previously unavailable and recently discovered.

(*See* Fattahi Decl. Ex. A (Proposed First Amended Complaint), Ex. B (Redlined First Amended Complaint).)

Plaintiffs' reasons for seeking relief are that Plaintiffs have learned, after obtaining initial discovery from Defendants, that CHP Officers Miguel Duque and Lance Winfield were involved in Michael

Frier's detention on the side of the freeway, and were either integral participants or failed to intervene in the use of excessive force and restraint, and unreasonably delayed and denied medical care.

Plaintiffs have diligently prosecuted the action and could not possibly have discovered this information any earlier. Before initiating this action, Plaintiffs made requests pursuant to the California Public Records Act, but were not provided the necessary records. Plaintiffs served requests for production of documents on Defendants State of California and Falcon on June 10, 2026—the day of the Initial Case Management Conference. Plaintiffs received Defendants' responses on July 31, 2026 (State), and August 15, 2026 (Falcon), after granting requested extensions. Plaintiffs diligently reviewed those responses and accompanying document productions, but could not determine the extent of the necessary amendments until August 18, 2026. Plaintiffs sent the proposed FAC on that date and conferred with Defendants, but Falcon Defendants indicated that they were not in a position to stipulate, and State Defendants indicated they would not stipulate unless Plaintiffs also dismissed their Fourth Cause of Action for Supervisory Liability under 42 U.S.C. § 1983. (Fattahi Decl. ¶ 4.) This motion followed. The parties intend to continue their meet-and-confer discussions while the motion is pending and, if they reach an agreement, will notify the Court immediately.

Accordingly, justice requires granting Plaintiffs leave to amend. If leave to amend were not granted, the parties unjustly and inefficiently could be forced to litigate a second action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file a First Amended Complaint.

DATED: August 19, 2026

Law Offices of Dale K. Galipo
Law Office of John Fattahi

s/ John Fattahi
John Fattahi
*Attorney for Plaintiffs*

## DECLARATION OF JOHN FATTAHI

I, John Fattahi, declare and state under penalty of perjury, as follows:

1. I am one of the attorneys of record for Plaintiffs Kenneth Frier and Laura Casas Frier. I have personal knowledge of the facts contained in this declaration and if called to testify I could and would competently testify thereto.

2. Attached hereto as **Exhibit "A"** is a true and correct copy of Plaintiffs' Proposed First Amended Complaint.

3. Attached hereto as **Exhibit "B"** is a redlined version of Plaintiffs' First Amended Complaint that reflects the changes made as compared to Plaintiffs' original Complaint for Damages filed in Superior Court.

4. Plaintiffs have diligently prosecuted the action and could not have discovered this information any earlier. Before initiating this action, Plaintiffs made requests pursuant to the California Public Records Act, but were not provided the necessary records. Plaintiffs served requests for production of documents on Defendants State and Falcon on June 10, 2026—the day of the Initial Case Management Conference. Plaintiffs received Defendants' responses on July 31, 2026 (State), and August 15, 2026 (Falcon), after granting requested extensions. Plaintiffs diligently reviewed those responses and accompanying document productions, but could not determine the extent of the necessary amendments until August 18, 2026. Plaintiffs sent the proposed FAC on that date and conferred with Defendants, but Falcon Defendants indicated that they were not in a position to stipulate, and State Defendants indicated they would not stipulate unless Plaintiffs also agreed to dismiss their Fourth Cause of Action for Supervisory

Liability under 42 U.S.C. § 1983. This motion followed. The parties intend to continue their meet-and-confer discussions while the motion is pending and, if they reach an agreement, will notify the Court immediately.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on August 19, 2026, at Torrance, California.

/s/ John Fattahi

John Fattahi