ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
State Bar No. 187104
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6509
Fax: (916) 731-2120
E-mail: Donna.Dean@doj.ca.gov
*Attorneys for Defendants*
*State of California, acting by and through*
*California Highway Patrol, and Jeremy Barnhart*
*(erroneously sued as "Officer Barnhart")*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**KENNETH FRIER, individually and as successor in interest to MICHAEL FRIER, deceased; AND LAURA CASAS FRIER, individually and as successor in interest to MICHAEL FRIER, deceased,**

Plaintiffs,

**v.**

**STATE OF CALIFORNIA; FALCON CRITICAL CARE TRANSPORT, LLC; OFFICER BARNHART (BADGE # 23032); VIRGIL FARRIS; CYRUS GHORBANI; and DOES 1-20, inclusive,**

Defendants.

5:26-cv-01367-EKL

**OPPOSITION OF DEFENDANTS STATE OF CALIFORNIA, ACTING BY AND THROUGH CALIFORNIA HIGHWAY PATROL, AND JEREMY BARNHART TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; DECLARATION OF DONNA M. DEAN IN SUPPORT THEREOF**

Date: December 2, 2026
Time: 10:00 a.m.
Ctrm.: 7, 4th Floor, San Jose

## INTRODUCTION

Defendants State of California, acting by and through California Highway Patrol (CHP), and Jeremy Barnhart oppose Plaintiffs' Motion for Leave to File First Amended Complaint based solely on the fact that plaintiffs seek to retain their Fourth Cause of Action for Supervisory Liability pursuant to 42 U.S.C. section 1983 (Section 1983). First, plaintiffs' Fourth Cause of Action is alleged only against Doe Defendants despite the Court's order setting the last day to request leave to amend pleadings on August 19, 2026. ECF 26. Second, and more importantly, plaintiffs' Fourth Cause of Action fails to state a plausible claim for relief because it contains conclusory allegations on information and belief regarding supervisory liability with no supporting facts. Accordingly, defendants request that the Court deny Plaintiffs' Motion for Leave to File First Amended Complaint unless plaintiffs dismiss their Fourth Cause of Action for Supervisory Liability.

## STATEMENT OF FACTS

After this case was removed from state to federal court in February 2026, this Court set an initial case management conference for June 10, 2026. ECF No. 8. On May 27, 2026, plaintiffs filed a Joint Case Management Statement requested a deadline of August 5, 2026, to request leave to amend pleadings. ECF No. 17. This Court adopted the August 5, 2026, deadline to request leave to amend pleadings. ECF No. 21.

On June 10, 2026, plaintiffs served their first set of requests for documents to CHP. Dean Decl., ¶ 2, Ex. 1. On July 24, 2026, after requesting and receiving a two-week extension of time to respond, CHP served its responses to the document requests and produced responsive documents.[1] *Id.*, ¶ 3, Ex. 2.

Thereafter, defendants agreed to a corresponding two-week extension of time for plaintiffs to request leave to amend their complaint, and the Court granted plaintiffs' request. ECF Nos. 25 and 26. Thus, plaintiffs had from July 24, 2026, to August 19, 2026, to review CHP's responses to discovery and request leave to amend their complaint. Plaintiffs did not raise any discovery

[1] Plaintiffs erroneously state in their moving papers that CHP responded and produced documents one week later – i.e., on July 31, 2026.

disputes regarding CHP's responses to the document requests during that time. Dean Decl., ¶ 4.

On August 18, 2026, (the day before the deadline to request to amend pleadings) at 2:43 p.m., plaintiffs' counsel requested that defendants stipulate to allow leave to amend their complaint. Dean Decl., ¶ 5, Ex. 3. On August 19, 2026, counsel for CHP and Jeremy Barnhart advised plaintiffs' counsel that CHP and Jeremy Barnhart would stipulate to amend the complaint if the Fourth Cause of Action was removed. *Id.*, ¶ 5, Ex. 4.

## ARGUMENT

### I. Plaintiffs' Counsel Failed to Meet and Confer Before Filing the Motion

This Court's standing order requires "the moving party must meet and confer with the opposing party or parties in person or by videoconference." Plaintiffs' counsel emailed defense counsel in the afternoon on the day before the deadline to request leave to amend the complaint and failed to meet and confer as required by the Court's standing order. Dean Decl., ¶ 4, Exs. 3 and 4.

### II. Plaintiffs' Fourth Cause of Action Is Alleged Only Against Doe Defendants Despite the Fact That the Deadline to Amend Pleadings Has Passed

Despite the deadline of August 19, 2026, to request leave to amend pleadings, plaintiffs seek to retain their Fourth Cause of Action which is alleged only against Doe Defendants. The hearing on their motion is set for December 2. If plaintiffs seek further leave to amend thereafter to name Doe Defendants for the Fourth Cause of Action, several dates in the Court's Case Management and Scheduling Order would likely need to be continued to allow sufficient time for discovery and a dispositive motion as to the Fourth Cause of Action. Plaintiffs have had ample time to conduct discovery to identify any Doe Defendants for their Fourth Cause of Action. Plaintiffs' lack of diligence should not be rewarded. Accordingly, defendants request that plaintiffs' motion be denied unless plaintiffs dismiss their Fourth Cause of Action.

### III. Plaintiffs' Fourth Cause of Action Fails to State a Plausible Claim for Relief

Courts may decline to grant leave to amend if there is strong evidence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2019) (brackets in original) (quoting *Foman v. Davis* 371 U.S. 178, 182 (1962). Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Plaintiffs' Fourth Cause of Action for Supervisory Liability fails to state a plausible claim for relief; therefore, leave to amend should be denied unless plaintiffs dismiss their Fourth Cause of Action. Supervisory officials may not be sued under Section 1983 solely on the basis of their position as a supervisory government official; supervisory officials can only be sued under Section 1983 based upon their own wrongful behavior. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

The Fourth Cause of Action does not allege any direct involvement by supervisory CHP officers. Indeed, after reviewing CHP's discovery responses, plaintiffs seek to amend the complaint to add two additional CHP officers who responded to the scene of the incident. Thus, plaintiffs cannot assert that the supervisory Doe Defendants in the Fourth Cause of Action were personally involved in the incident. Instead, plaintiffs allege "on information and belief" that the supervisory Doe Defendants failed to provide adequate training to the named CHP officer defendants. ECF No. 27-1, ¶¶ 68-70. Plaintiffs' allegations in this regard fail to state a plausible claim for relief.

A supervisor is liable under Section 1983 for failing to train subordinates only when the failure to train amounts to deliberate indifference. *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Thus, a plaintiff must allege facts showing that the failure to train resulted from a defendant's "deliberate" or "conscious" choice and that a sufficient causal connection exists between the supervisor's

wrongful conduct and the alleged constitutional violation. *Canell*, 143 F.3d at 1213 (citation omitted). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (internal quotations and citation omitted). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id*.

A complaint that fails to point to any instances of deliberate indifference fails to state a plausible claim for supervisory liability. *Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011); s*ee also, Gillian v. California Dept of Corrections and Rehabilitation*, No. 1:15-CV-00037-MJS, 2015 WL 1916417, at *4 (E.D. Cal. Apr. 27, 2015) (to impose liability for failure to train, plaintiff must show, among other things, "that the inadequate training was a deliberate choice on the part of the supervisor") (citing *Canell v. Lightner,* 143 F.3d 1210, 1214 (9th Cir. 1998)); *Vargas v. California*, No. 3:23-CV-01893-RBM-SBC, 2024 WL 3297487, at *6 (S.D. Cal. July 3, 2024) (dismissal of supervisory claim where plaintiffs failed to "specifically allege[] how [defendant] failed to train, supervise, or discipline [] employees for conduct showing a deliberate indifference to the constitutional rights of others."). Similarly, a complaint that fails to allege that a defect in training caused the constitutional violation is insufficient to state a plausible claim for relief. *See Green v. State*, No. 2:23-CV-2243 KJM SCR P, 2025 WL 3682674, at *4 (E.D. Cal. Oct. 22, 2025) (failure-to-train claim requires facts showing that "the lack of training actually caused" the harm) (quoting *Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014)) (internal quotation marks omitted), *report and recommendation adopted,* No. 2:23-CV-2243 KJM SCR P, 2025 WL 3679797 (E.D. Cal. Dec. 18, 2025); *Gillian*, *supra* (failure to train theory requires that "inadequate training caused a constitutional violation"). Here, plaintiffs fail to allege any prior instances where an alleged lack of training regarding prone restraint resulted in constitutional violations by other officers or an awareness that such training was inadequate and causing constitutional violations.

//

Plaintiffs' conclusory allegations regarding the alleged inadequate training based on nothing more than "information and belief" do not state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (declining to accept as true conclusory allegation "upon information and belief" that companies had entered into conspiracy); *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (declining to accept conclusory allegation "upon information and belief" that defendant's supply of drugs was either expired or illegally obtained); *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013) ("naked assertions" on information and belief "contribute nothing to the sufficiency of the complaint").

Given that plaintiffs' Fourth Cause of Action is subject to dismissal, defendants request that this Cout deny plaintiffs' request to amend their complaint unless plaintiffs dismiss this deficient cause of action.

## CONCLUSION

For the foregoing reasons, Defendants State of California, acting by and through California Highway Patrol, and Jeremy Barnhart respectfully request that Plaintiffs' Motion for Leave to File First Amended Complaint be denied unless plaintiffs dismiss their Fourth Cause of Action for Supervisory Liability pursuant to 42 U.S.C. section 1983.

Dated: September 1, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ Donna Dean

DONNA M. DEAN
Supervising Deputy Attorney General
*Attorneys for Defendants*
*State of California, acting by and through California Highway Patrol, and Jeremy Barnhart (erroneously sued as "Officer Barnhart")*

**DECLARATION OF DONNA M. DEAN**

I, Donna M. Dean, declare as follows:

1. I am a duly appointed Supervising Deputy Attorney General and am assigned to represent Defendants State of California, acting by and through California Highway Patrol (CHP), and Jeremy Barnhart in the above-captioned action. The facts set forth herein are within my personal knowledge, except where otherwise indicated, and if called to testify herein I could and would competently testify thereto.

2. On June 10, 2026, plaintiffs served their first set of requests for documents to CHP. A true and correct copy of Plaintiffs' First Set of Requests for Production of Documents to Defendant State of California Pursuant to Fed. R. Civ. P. 34 is attached hereto as Exhibit 1.

3. On July 24, 2026, after requesting and receiving a two-week extension of time to respond, CHP served its responses to the document requests and produced responsive documents. A true and correct copy of Responses of Defendant State of California, Acting by and through California Highway Patrol, to Plaintiffs' Requests for Production of Documents, Set No. One, is attached hereto as Exhibit 2.

4. As of the date of execution of this declaration, plaintiffs have not raised any discovery disputes regarding CHP's responses to the document requests.

5. On August 18, 2026, (the day before the deadline to request to amend pleadings) at 2:43 p.m., plaintiffs' counsel requested that defendants stipulate to allow leave to amend their complaint. A true and correct copy of the August 18, 2026, email message from plaintiffs' counsel, without the attachments, is attached hereto as Exhibit 3. On August 19, 2026, I advised plaintiffs' counsel that CHP and Jeremy Barnhart would stipulate to amend the complaint if the Fourth Cause of Action was removed. A true and correct copy of my email message dated August 19, 2026, is attached hereto as Exhibit 4.

//

//

//

//

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct, and that this declaration was executed on September 1, 2026, at Los Angeles, California.

s/ Donna M. Dean
Donna M. Dean

# EXHIBIT 1

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

LAW OFFICE OF JOHN FATTAHI
John C. Fattahi, Esq. (Bar No. 247625)
jfattahi@gmail.com
21250 Hawthorne Boulevard, Suite 500
Torrance, CA 90503
Telephone: (424) 999-5579
Facsimile: (424) 675-2279

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH FRIER, etc., et al.,<br>Plaintiffs,<br>vs.<br>STATE OF CALIFORNIA, et al.,<br>Defendants. | Case No. 5:26-cv-1367-EKL<br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE OF CALIFORNIA PURSUANT TO FED. R. CIV. P. 34** |

PROPOUNDING PARTY: Plaintiffs

RESPONDING PARTY: Defendant STATE OF CALIFORNIA

SET NO.: ONE

**TO DEFENDANT STATE OF CALIFORNIA AND ITS ATTORNEYS OF RECORD:**

You are hereby requested, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to produce the following documents and tangible things for copying and inspection at the Law Offices of Dale K. Galipo, 21800 Burbank Blvd., Ste. 310, Woodland Hills, California 91367.

## DEFINITIONS

For purposes of these discovery requests, the following definitions are deemed to be incorporated herein:

"YOU," "YOUR," or "STATE" means the STATE OF CALIFORNIA and all its subdivisions, including the California Highway Patrol ("CHP"), and any of its agents, representatives, and attorneys, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

"AGENCY" means any local, state, or federal public or municipal entity including any entity that reviewed the use of force alleged in Plaintiffs' operative Complaint for Damages.

"OFFICERS" means any and all PERSONS employed by STATE and/or CHP as sworn law enforcement officers, including but not limited to officers, sergeants, lieutenants, captains, and/or any other rank.

"DEFENDANT OFFICERS" means Defendants OFFICER JEREMY BARNHART, and DOES 1 through 5, each of whom is a deputy employed by CHP and is alleged to have been involved in the INCIDENT.

"PLAINTIFFS" means KENNETH FRIER and LAURA CASAS FRIER.

"DECEDENT" means Michael Frier.

"INCIDENT" means the detention, restraint, and death of Michael Frier on or about December 19, 2024, that is the basis of Plaintiffs' operative Complaint in this action.

"SCENE" means, generally, all locations where the INCIDENT occurred.

"IN-CUSTODY DEATH" means any death of a person who was in the care, custody, control, or detention of CHP OFFICERS or in any CHP facility at the time of death or at any time within twenty-four (24) hours preceding death.

"PRONE RESTRAINT" means any restraint technique in which a person is held face-down on the ground or any surface, including any technique involving bodyweight compression, downward pressure on the back, torso, or any other part of the body, or any positioning that restricts a person's ability to breathe.

"DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, any material or information stored or maintained in intangible form or any form of electronic data, processing equipment or on any form of media, including magnetic media (such as magnetic tape, cards, hard drives, CD-ROM, disks or diskettes), and any other documents or information stored on microfilm, microfiche or other photographic media; any computer file of whatever type without regard to the manner in which the file is stored; any drafts, meaning any earlier, preliminary, preparatory or tentative version of all or part of a document, whether or not such draft was superseded by a later draft and whether or not the terms of the draft are the same or different from the terms of the final document; all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings (including video and audio), transcripts and summaries of meetings, voice recordings, pictures, photographs, diagrams, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks, things, and every other device or medium by which or through

which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

"REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

"PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its agents, representatives, employees, deputies and directors and anyone else acting on its behalf, pursuant to its authority or subject to its control.

"COMMUNICATION" or "COMMUNICATIONS" means all inquiries, discussions, conferences, negotiations, meetings, interviews, telephone conversations, letters, notes, emails, text messages, social media messages, memoranda, and any other oral or written exchanges.

"IDENTIFY" (as to persons) means to state the person's name, telephone number, last known address, job title(s), employer, and place of employment. "IDENTIFY" (as to documents) means to state the document's date, author, recipient(s), subject matter, and present custodian.

"POLICYMAKER" means any PERSON who possesses final policymaking authority for the STATE or CHP with respect to use of force, training, supervision, discipline, hiring, or retention of OFFICERS.

The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form

of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## INSTRUCTIONS

Plaintiffs request digital, lossless quality copies of responsive documents, or if not originally in digital format, lossless quality analog reproductions of same. If you contend that producing lossless quality reproductions will be unduly burdensome, then Plaintiffs request an opportunity to inspect original documents and/or will reimburse Defendant for reasonable reproduction costs.

Documents responsive to the request shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such document is taken shall be copied and appended to such document and the person for whom or department, division, or office for which the document or the file folder is maintained shall be identified.

YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

In the event that any document called for by this request is to be withheld on the basis of a claim of privilege or immunity from discovery, that document is to be identified by stating (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) its present custodian; and (vi) the nature of the privilege or immunity asserted.

In the event that any document called for by this request has been destroyed or discarded, that document is to be identified by stating: (i) any addressor and

addressee; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

These discovery requests are continuing in nature pursuant to Federal Rule of Civil Procedure 26(e). If, after serving YOUR responses, YOU obtain or become aware of additional information responsive to these requests, YOU are required to supplement YOUR responses in a timely manner.

**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

REQUEST FOR PRODUCTION NO. 1:

All interviews of any PERSON that REFER OR RELATE TO DECEDENT or the INCIDENT, including written statements or transcriptions, audio and video recordings of those interviews, and notes, sketches, and drawings made during or as a result of those interviews.

REQUEST FOR PRODUCTION NO. 2:

All photographs that REFER OR RELATE TO DECEDENT or the INCIDENT.

REQUEST FOR PRODUCTION NO. 3:

All audio recordings, and transcripts thereof, that REFER OR RELATE TO the INCIDENT, including 9-1-1 calls, telephone calls, voice memos, voicemails, and radio transmissions on CHP, County of Santa Clara, Falcon, dispatch, tactical, or any other radio frequencies that covered the area of the SCENE.

REQUEST FOR PRODUCTION NO. 4:

All video recordings, and transcripts thereof, that REFER OR RELATE TO DECEDENT or the INCIDENT, including but not limited to body-worn cameras, dash cameras, in-vehicle video systems, and surveillance videos.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS that REFER OR RELATE TO the video and audio recording systems that captured any media that would be responsive to these Requests for Production, regardless of whether it still exists or can be produced, including but not limited to system specifications, the number and placement of cameras, fields of view, recording resolution and frame rate, audio recording capability, the duration for which footage is retained before being overwritten or deleted, policies and procedures governing the preservation of recordings in connection with use-of-force incidents and IN-CUSTODY DEATHS, and any DOCUMENTS reflecting the preservation, retrieval, copying, or deletion of footage on the dates of the INCIDENT.

REQUEST FOR PRODUCTION NO. 6:

All COMMUNICATIONS that REFER OR RELATE to the INCIDENT.

REQUEST FOR PRODUCTION NO. 7:

All communications between each DEFENDANT OFFICER and any other PERSON that REFER OR RELATE to DECEDENT or the INCIDENT.

REQUEST FOR PRODUCTION NO. 8:

All mobile digital terminal reports, printouts of dispatches, or MDT/MDC/MDS/CAD entries that REFER OR RELATE TO the INCIDENT.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS that REFER OR RELATE TO the staffing, assignment, and supervision of OFFICERS on duty at any location relevant to the INCIDENT during the shifts encompassing the INCIDENT.

REQUEST FOR PRODUCTION NO. 10:

All forms and reports regarding the INCIDENT, including incident reports, investigative reports, supplemental reports, probable cause declarations, crime reports, arrest reports, property reports, property receipts, certificate of release forms, use of force reports, in-custody death reports, and any other reports created by YOUR personnel.

REQUEST FOR PRODUCTION NO. 11:

All notes of each OFFICER involved in this INCIDENT, that REFER OR RELATE TO DECEDENT or the INCIDENT, including memo book or note pad entries.

REQUEST FOR PRODUCTION NO. 12:

All searches for records or names, including queries and results, that REFER OR RELATE to the INCIDENT.

REQUEST FOR PRODUCTION NO. 13:

All logs that REFER OR RELATE TO the INCIDENT, including unit logs, supervisory personnel logs, and crime scene personnel logs.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS that REFER OR RELATE TO any debrief of the INCIDENT.

REQUEST FOR PRODUCTION NO. 15:

The complete file of any internal investigation into the INCIDENT, including all administrative investigation materials.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS that REFER OR RELATE TO any walk-through of the SCENE, including reports, recordings, notes, sketches, videos, and diagrams.

REQUEST FOR PRODUCTION NO. 17:

All diagrams, reproductions, drawings, charts, laser measurements, topography analysis, or models of the INCIDENT, SCENE, or investigation thereof.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS that REFER OR RELATE TO evidence recovered, collected, analyzed, inventoried, or photographed relating to the INCIDENT.

REQUEST FOR PRODUCTION NO. 19:

COMMUNICATIONS between YOUR personnel and any PERSON at the Office of the Medical Examiner-Coroner that REFER OR RELATE TO the INCIDENT or DECEDENT.

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS that REFER OR RELATE TO YOUR contention that the DEFENDANT OFFICERS' conduct with respect to DECEDENT was within policy.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS that REFER OR RELATE TO DECEDENT'S medical care at any time, including emergency department records, paramedic run sheets, emergency medical records, ambulance records, and any other medical records.

REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS that REFER OR RELATE TO each DEFENDANT OFFICER'S medical care relating to the INCIDENT, if any.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS that REFER OR RELATE TO any workers' compensation claims or disability claims relating to the INCIDENT.

REQUEST FOR PRODUCTION NO. 24:

The complete CHP Policy Manual that was in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials that address any aspect of the conduct of each DEFENDANT OFFICER during the INCIDENT.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding responding to calls involving individuals known or believed to be experiencing a mental health crisis, emotional disturbance, or psychiatric emergency, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding individuals experiencing a mental health crisis or emotional disturbance, including those who may be experiencing a medical emergency, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding transporting individuals to a medical facility for medical clearance, including which facility, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding excited delirium, agitated chaotic event, or sudden custody death, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding California Welfare and Institutions Code sections 5150, including proper handling of encounters with individuals known or believed to be mentally ill, and the use of restraints on such individuals, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding de-escalation, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 32:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding the use of force, including control holds, takedowns, swarm techniques, the use of restraint devices, PRONE RESTRAINT, and bodyweight compression, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding PRONE RESTRAINT, including any policies addressing the risks of positional or restraint asphyxia, the duration of PRONE RESTRAINT, the "physiology of a struggle," monitoring requirements, and transitioning a restrained person to a position that does not restrict breathing, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding the monitoring of restrained individuals for signs of medical distress, including but not limited to abnormal consciousness, breathing, circulation, responsiveness, or vital signs, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS REFERRING OR RELATING TO STATE and CHP policies, procedures, and training materials regarding the summoning or provision of medical care to individuals in YOUR custody who exhibit signs of medical distress,

including but not limited to abnormal consciousness, breathing, circulation, responsiveness, or vital signs, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 36:

All training, certification, and qualification records for each DEFENDANT OFFICER, including but not limited to: courses and/or classes attended, sustainment and/or perishable skills, qualification courses, testing and qualification scores, scenario-based training, defensive tactics, use of force training, restraint training, PRONE RESTRAINT training, de-escalation training, crisis intervention training, mental health awareness training, first aid/first responder training, and ethics training.

REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies regarding the frequency, duration, and substance of training that DEPUTIES were required to complete regarding the use of force, including restraint techniques, PRONE RESTRAINT, bodyweight compression, positional or restraint asphyxia, and monitoring a person for signs of medical distress, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS that REFER OR RELATE TO any training received by each DEFENDANT OFFICER regarding the use of force, including restraint techniques, PRONE RESTRAINT, bodyweight compression, positional or restraint asphyxia, and monitoring a person for signs of medical distress.

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies regarding the frequency, duration, and substance of training that OFFICERS were required to complete regarding summoning or rendering medical aid following use of force or during custodial encounters, which were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS that REFER OR RELATE TO any training received by each DEFENDANT OFFICER on summoning or rendering medical aid following use of force or during custodial encounters.

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO operation of body-worn cameras and personal recording devices that were in effect at the time of the INCIDENT, including policies and training regarding when they should be activated.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS REFERRING OR RELATING TO YOUR policies and procedures for investigating or reviewing IN-CUSTODY DEATHS that were in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that REFER OR RELATE TO the experience of each DEFENDANT OFFICER regarding PRONE RESTRAINT, including any instances in which each DEFENDANT OFFICER participated in the application of, observed, or monitored a person in, PRONE RESTRAINT.

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS that REFER OR RELATE TO citizen and/or internal complaints against each DEFENDANT OFFICER involving the following topics: use of force, dishonesty, unlawful detention, false arrest, excessive force, discourtesy, biased policing/behavior, neglect of duty, unauthorized force, unauthorized tactics, failure to summon or render medical aid, or unbecoming conduct.

REQUEST FOR PRODUCTION NO. 45:

YOUR policies and procedures regarding the disciplinary criteria and types of discipline of YOUR OFFICERS, in effect at the time of the INCIDENT.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS REFERRING OR RELATING TO any changes, revisions, or updates to YOUR PRONE RESTRAINT or use of force policies, training programs or materials made after the INCIDENT.

REQUEST FOR PRODUCTION NO. 47:

DOCUMENTS sufficient to identify all officials of STATE or CHP who had responsibility for any policies and training regarding the use of force and PRONE RESTRAINT, as of the date of the INCIDENT.

REQUEST FOR PRODUCTION NO. 48:

All DOCUMENTS REFERRING OR RELATING TO the decision by any POLICYMAKER to approve, ratify, or otherwise endorse the actions of the DEFENDANT OFFICERS during the INCIDENT, including any review, determination, or finding that the DEFENDANT OFFICERS' use of force was within policy.

REQUEST FOR PRODUCTION NO. 49:

All DOCUMENTS REFERRING OR RELATING TO any POLICYMAKER's review of the INCIDENT and determination regarding whether the DEFENDANT OFFICERS' actions complied with CHP policy, including the complete file of any such review.

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS REFERRING OR RELATING TO any Use of Force Review Board, Critical Incident Review Board, In-Custody Death Review Board, or similar body's review of the INCIDENT, including agendas, minutes, presentations, findings, and recommendations.

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS REFERRING OR RELATING TO any recommendations made by any external oversight body or consultant, inspector general, grand jury, or auditor regarding CHP's use of force or PRONE RESTRAINT policies, training,

supervision, or discipline from January 1, 2014 to the present, and all DOCUMENTS REFERRING OR RELATING TO YOUR response to such recommendations.

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS REFERRING OR RELATING TO any consent decree, memorandum of agreement, or other agreement between the STATE or CHP and any federal or state agency regarding the use of force, restraint practices, or IN-CUSTODY DEATHS by CHP OFFICERS.

REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS REFERRING OR RELATING TO any prior law enforcement contacts, calls for service, incident reports, or responses involving DECEDENT at any time before the INCIDENT, including 911 calls, MDT/MDC/CAD records, dispatch logs, incident reports, supplemental reports, audio recordings, video recordings, photographs, and any records reflecting DECEDENT's mental health status or history.

REQUEST FOR PRODUCTION NO. 54:

All DOCUMENTS REFERRING OR RELATING TO any information maintained by STATE or CHP in any database, records management system, or flagging system that identified DECEDENT as an individual with a known mental illness or as a person requiring a specialized response, at any time before the INCIDENT.

REQUEST FOR PRODUCTION NO. 55:

All insurance policies or agreements that may provide coverage to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy any judgment for the claims brought in this civil action, including any sharing or pooling agreements or excess coverage policies.

REQUEST FOR PRODUCTION NO. 56:

All press releases, public statements, social media posts, media advisories, talking points, prepared remarks, and other public-facing COMMUNICATIONS issued by the STATE, CHP, or any STATE or CHP official or spokesperson that REFER OR RELATE TO the INCIDENT, DECEDENT, or the DEFENDANT OFFICERS, as well as all internal DOCUMENTS and COMMUNICATIONS regarding the drafting, review, approval, or dissemination of any such public statement.

REQUEST FOR PRODUCTION NO. 57:

For each special or affirmative defense in YOUR pleadings, all DOCUMENTS that REFER OR RELATE TO that special or affirmative defense.

REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS listed in YOUR Initial Disclosures and supplements thereto not previously produced.

DATED: June 10, 2026

LAW OFFICE OF JOHN FATTAHI

By /s/ John Fattahi
John Fattahi
Attorney for Plaintiffs

| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA | FOR COURT USE ONLY |
|---|---|
| **TITLE OF CASE (Abbreviated)**<br>Kenneth Frier, et al. v. State of California, et al. | |
| **ATTORNEY(S) NAME AND ADDRESS**<br>Dale K. Galipo [CA SBN 144074]<br>LAW OFFICES OF DALE K. GALIPO<br>21800 Burbank Blvd, Suite 310<br>Woodland Hills, California 91367<br>Fax: (818) 347-4118<br>Email: dalekgalipo@yahoo.com | |
| **ATTTORNEY(S) FOR: Plaintiffs** | Case No.: 5:26-cv-1367 |

## DECLARATION OF SERVICE

I, Santiago G. Laurel, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367. On June 10, 2026, I served the foregoing document described as: **SEE ATTACHED DOCUMENT LIST** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as specified below:

**SEE ATTACHED SERVICE LIST**

**METHOD OF SERVICE**

☐ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the address specified above.

☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☐ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 10, 2026

Santiago G. Laurel

**DOCUMENT LIST**

1. **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FALCON CRITICAL CARE TRANSPORT, LLC, PURSUANT TO FED. R. CIV. P. 34**
2. **PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE OF CALIFORNIA PURSUANT TO FED. R. CIV. P. 34**
3. **PLAINTIFFS' NOTICE OF SUBPOENAS TO PRODUCE DOCUMENTS;**
    - a) **SUBPOENA TO PRODUCE DOCUMENTS (City of Palo Alto, Fire Department)**
    - b) **SUBPOENA TO PRODUCE DOCUMENTS (County of Santa Clara, District Attorney's Office)**
    - c) **SUBPOENA TO PRODUCE DOCUMENTS (County of Santa Clara, Fire Department)**
    - d) **SUBPOENA TO PRODUCE DOCUMENTS (County of Santa Clara, Office of the Medical Examiner-Coroner)**
    - e) **SUBPOENA TO PRODUCE DOCUMENTS (Stanford University Medical Center)**

**SERVICE LIST**

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
State Bar No. 187104
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Fax: (916) 731-2120
E-mail: Donna.Dean@doj.ca.gov;

***Attorneys for Defendants State of California, acting by and through California Highway Patrol and Jeremy Barnhart (erroneously sued as "Officer Barnhart")***

LAW OFFICES OF MATHENY SEARS LINKERT & JAIME, LLP
JEFFREY E. LEVINE, ESQ. (SBN 255862)
ATHENA S. BUDAC, ESQ. (SBN 355078)
3638 American River Drive
Sacramento, California 95864
Facsimile: (916) 978-3430
Email: jlevine@mathenysears.com abudac@mathenysears.com

***Attorneys for Defendant, FALCON CRITICAL CARE TRANSPORT, LLC and VIRGIL FARRIS***

LAW OFFICE OF JOHN FATTAHJ
John Fattahi, Esq. (SBN 247625)
jfattahi@gmail.com

# EXHIBIT 2

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
State Bar No. 187104
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6509
Fax: (916) 731-2120
E-mail: Donna.Dean@doj.ca.gov
*Attorneys for Defendants*
*State of California, acting by and through*
*California Highway Patrol and Jeremy Barnhart*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNETH FRIER, individually and as successor in interest to MICHAEL FRIER, deceased; and LAURA CASAS FRIER, individually and as successor in interest to MICHAEL FRIER, deceased,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**STATE OF CALIFORNIA; FALCON CRITICAL CARE TRANSPORT, LLC; OFFICER BARNHART (BADGE # 23032); VIRGIL FARRIS; CYRUS GHORBANI; and DOES 1-20, inclusive,**<br><br>Defendants. | 5:26-cv-01367-EKL<br><br>**RESPONSES OF DEFENDANT STATE OF CALIFORNIA, ACTING BY AND THROUGH CALIFORNIA HIGHWAY PATROL, TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET NO. ONE**<br><br>Judge: The Honorable Eumi K. Lee<br><br>Trial Date: March 6, 2028<br>Action Filed: December 10, 2025 |

PROPOUNDING PARTY: Plaintiffs KENNETH FRIER and LAURA CASAS FRIER

RESPONDING PARTY: Defendant STATE OF CALIFORNIA, ACTING BY AND THROUGH CALIFORNIA HIGHWAY PATROL

SET NO.: ONE

//

//

**PRELIMINARY STATEMENT**

Defendant State of California, acting by and through California Highway Patrol ("Responding Party") has not yet fully completed the investigation of the facts relating to this case and has not yet fully completed discovery in this action. All of the responses contained herein are based solely upon information and documents which are presently available to, and specifically known by, Responding Party and disclose only those contentions which presently occur to Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and lead to additions, changes, and variations from the answers herein.

These responses are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, admissibility, and attorney-client privilege and attorney work product), which would require the exclusion of any statement contained herein if the requests were asked of, or any statement contained herein were made by, a witness present and testifying in court. All such objections and grounds are therefore, reserved and may be interposed at the time of trial.

The party on whose behalf these responses are given has not yet completed its investigation of the facts relating to this action and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to the responding party's right to produce at the time of trial subsequently discovered evidence relating to the proof of facts subsequently discovered to be material.

The party on whose behalf these responses are prepared represents that it has used its best effort to gather information responsive to any particular request. However, the following responses are given without prejudice to the responding party's right to produce, at the time of trial, materials inadvertently excluded from any response contained herein.

Except for any facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been answered should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such request, or

that such answer constitutes evidence of any fact set forth or assumed. All responses must be construed as given on the basis of present information reasonably available.

This preliminary statement is incorporated into each of the responses set forth below.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1**:

All interviews of any PERSON that REFER OR RELATE TO DECEDENT or the INCIDENT, including written statements or transcriptions, audio and video recordings of those interviews, and notes, sketches, and drawings made during or as a result of those interviews.

**RESPONSE TO REQUEST NO. 1:**

Responding Party objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based on its objection, Responding Party will comply with this request and produce all responsive records in its possession, custody, or control pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 2**:

All photographs that REFER OR RELATE TO DECEDENT or the INCIDENT.

**RESPONSE TO REQUEST NO. 2:**

Responding Party objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state

authorities about the importance of those interests. . . .).

Based on its objection, Responding Party will comply with this request and produce all responsive records in its possession, custody, or control pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 3**:

All audio recordings, and transcripts thereof, that REFER OR RELATE TO the INCIDENT, including 9-1-1 calls, telephone calls, voice memos, voicemails, and radio transmissions on CHP, County of Santa Clara, Falcon, dispatch, tactical, or any other radio frequencies that covered the area of the SCENE.

**RESPONSE TO REQUEST NO. 3:**

Responding Party objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based on its objection, Responding Party will comply with this request and produce all responsive records in its possession, custody, or control pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 4**:

All video recordings, and transcripts thereof, that REFER OR RELATE TO DECEDENT or the INCIDENT, including but not limited to body-worn cameras, dash cameras, in-vehicle video systems, and surveillance videos.

**RESPONSE TO REQUEST NO. 4:**

Responding Party objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid.

Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based on its objection, Responding Party will comply with this request and produce all responsive records in its possession, custody, or control pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 5**:

All DOCUMENTS that REFER OR RELATE TO the video and audio recording systems that captured any media that would be responsive to these Requests for Production, regardless of whether it still exists or can be produced, including but not limited to system specifications, the number and placement of cameras, fields of view, recording resolution and frame rate, audio recording capability, the duration for which footage is retained before being overwritten or deleted, policies and procedures governing the preservation of recordings in connection with use-of-force incidents and IN-CUSTODY DEATHS, and any DOCUMENTS reflecting the preservation, retrieval, copying, or deletion of footage on the dates of the INCIDENT.

**RESPONSE TO REQUEST NO. 5:**

Responding Party objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, Responding Party will limit its response to this request and produce applicable policies, the audit logs for the WMVARS videos, and materials from the manufacturer pursuant to the court approved protective order as indicated on the records. Responding Party will not produce Safe Fleet Product Manuals due to proprietary content.

**<u>REQUEST FOR PRODUCTION NO. 6</u>:**

All COMMUNICATIONS that REFER OR RELATE to the INCIDENT.

**<u>RESPONSE TO REQUEST NO. 6:</u>**

Responding Party objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Driver's Privacy Protection Act (18 U.S.C. §§ 2721, et. seq.); Cal. Veh. Code §§ 1800, et seq., Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:**

All communications between each DEFENDANT OFFICER and any other PERSON that REFER OR RELATE to DECEDENT or the INCIDENT.

//

//

**RESPONSE TO REQUEST NO. 7:**

Responding Party objects to this request on the ground that the term "DEFENDANT OFFICER" is vague, ambiguous, and unintelligible in that it includes unidentified "DOES 1 through 5." Responding Party further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Driver's Privacy Protection Act (18 U.S.C. §§ 2721, et. seq.); Cal. Veh. Code §§ 1800, et seq., Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control regarding Defendant Jeremy Barnhart. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 8**:

All mobile digital terminal reports, printouts of dispatches, or MDT/MDC/MDS/CAD entries that REFER OR RELATE TO the INCIDENT.

//

**RESPONSE TO REQUEST NO. 8:**

Responding Party objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 9**:

All DOCUMENTS that REFER OR RELATE TO the staffing, assignment, and supervision of OFFICERS on duty at any location relevant to the INCIDENT during the shifts encompassing the INCIDENT.

**RESPONSE TO REQUEST NO. 9:**

Responding Party objects to the definition of "OFFICERS" as overbroad and unduly burdensome in that it is defined to include officers employed by "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party further objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party also objects to this request on the ground that it seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of the case. In addition, Responding Party objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012)

(recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Driver's Privacy Protection Act (18 U.S.C. §§ 2721, et. seq.); Cal. Veh. Code §§ 1800, et seq., Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to the area log for the date of the incident.

**REQUEST FOR PRODUCTION NO. 10**:

All forms and reports regarding the INCIDENT, including incident reports, investigative reports, supplemental reports, probable cause declarations, crime reports, arrest reports, property reports, property receipts, certificate of release forms, use of force reports, in-custody death reports, and any other reports created by YOUR personnel.

**RESPONSE TO REQUEST NO. 10:**

Responding Party objects to the definition of "YOUR" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party further objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798,

et seq.; Cal. Gov. Code § 15101; Driver's Privacy Protection Act (18 U.S.C. §§ 2721, et. seq.); Cal. Veh. Code §§ 1800, et seq., Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 11**:

All notes of each OFFICER involved in this INCIDENT, that REFER OR RELATE TO DECEDENT or the INCIDENT, including memo book or note pad entries.

**RESPONSE TO REQUEST NO. 11:**

Responding Party objects to the definition of "OFFICERS" as overbroad and unduly burdensome in that it is defined to include officers employed by "STATE OF CALIFORNIA and all its subdivisions . . . ."

Based on its objection, and responding only on its own behalf, Responding Party responds as follows: After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 12**:

All searches for records or names, including queries and results, that REFER OR RELATE to the INCIDENT.

**RESPONSE TO REQUEST NO. 12:**

Responding Party objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and attorney work product doctrine.

Based upon these objections, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 13**:

All logs that REFER OR RELATE TO the INCIDENT, including unit logs, supervisory personnel logs, and crime scene personnel logs.

**RESPONSE TO REQUEST NO. 13:**

Responding Party objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Driver's Privacy Protection Act (18 U.S.C. §§ 2721, et. seq.); Cal. Veh. Code §§ 1800, et seq., Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 14**:

All DOCUMENTS that REFER OR RELATE TO any debrief of the INCIDENT.

**RESPONSE TO REQUEST NO. 14:**

Responding Party objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based on its objection, Responding Party will comply with this request and produce all responsive records in its possession, custody, or control pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 15**:

The complete file of any internal investigation into the INCIDENT, including all administrative investigation materials.

**RESPONSE TO REQUEST NO. 15:**

Responding Party objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. Responding Party also objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Driver's Privacy Protection Act (18 U.S.C. §§ 2721, et. seq.); Cal. Veh. Code §§ 1800, et seq., Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that

inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 16**:

All DOCUMENTS that REFER OR RELATE TO any walk-through of the SCENE, including reports, recordings, notes, sketches, videos, and diagrams.

**RESPONSE TO REQUEST NO. 16:**

After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 17**:

All diagrams, reproductions, drawings, charts, laser measurements, topography analysis, or models of the INCIDENT, SCENE, or investigation thereof.

**RESPONSE TO REQUEST NO. 17:**

Responding Party objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based on its objection, Responding Party will comply with this request and produce all responsive records in its possession, custody, or control pursuant to the court approved protective order as indicated on the records.

//

**REQUEST FOR PRODUCTION NO. 18**:

All DOCUMENTS that REFER OR RELATE TO evidence recovered, collected, analyzed, inventoried, or photographed relating to the INCIDENT.

**RESPONSE TO REQUEST NO. 18:**

Responding Party objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based on its objection, Responding Party will comply with this request and produce all responsive records in its possession, custody, or control pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 19**:

COMMUNICATIONS between YOUR personnel and any PERSON at the Office of the Medical Examiner-Coroner that REFER OR RELATE TO the INCIDENT or DECEDENT.

**RESPONSE TO REQUEST NO. 19:**

Responding Party objects to the definition of "YOUR" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

//

Based on its objection, and responding only on its own behalf, Responding Party will comply with this request and produce all responsive records in its possession, custody, or control pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 20**:

All DOCUMENTS that REFER OR RELATE TO YOUR contention that the DEFENDANT OFFICERS' conduct with respect to DECEDENT was within policy.

**RESPONSE TO REQUEST NO. 20:**

Responding Party objects to this request on the ground that the term "DEFENDANT OFFICER" is vague, ambiguous, and unintelligible in that it includes unidentified "DOES 1 through 5." Responding Party further objects to the definition of "YOUR" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the grounds that it seeks documents protected by the attorney-client privilege and attorney work product doctrine. In addition, Responding Party objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Driver's Privacy Protection Act (18 U.S.C. §§ 2721, et. seq.); Cal. Veh. Code §§ 1800, et seq., Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession,

custody or control related to Defendant Jeremy Barnhart. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 21**:

All DOCUMENTS that REFER OR RELATE TO DECEDENT'S medical care at any time, including emergency department records, paramedic run sheets, emergency medical records, ambulance records, and any other medical records.

**RESPONSE TO REQUEST NO. 21:**

After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because Responding Party is not in possession, custody or control of any responsive documents.

**REQUEST FOR PRODUCTION NO. 22**:

All DOCUMENTS that REFER OR RELATE TO each DEFENDANT OFFICER'S medical care relating to the INCIDENT, if any.

**RESPONSE TO REQUEST NO. 22:**

Responding Party objects to this request on the ground that the term "DEFENDANT OFFICER" is vague, ambiguous, and unintelligible in that it includes unidentified "DOES 1 through 5."

Based upon its objection, Responding Party responds as follows: After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 23**:

All DOCUMENTS that REFER OR RELATE TO any workers' compensation claims or disability claims relating to the INCIDENT.

**RESPONSE TO REQUEST NO. 23:**

After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 24**:

The complete CHP Policy Manual that was in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 24:**

Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome. Responding Party also objects to this request on the ground that it seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of the case. and seeks records that are not proportionate to the needs of discovery in this action. Responding Party further objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, the Responding Party is limiting the scope of the production to relevant portions of the CHP Manual in effect at the time of the INCIDENT. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 25**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials that address any aspect of the conduct of each DEFENDANT OFFICER during the INCIDENT.|

**RESPONSE TO REQUEST NO. 25:**

Responding Party objects to this request on the ground that the term "DEFENDANT OFFICER" is vague, ambiguous, and unintelligible in that it includes unidentified "DOES 1 through 5." Responding Party further objects to the definition of "STATE" as overbroad and

unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 26**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding responding to calls involving individuals known or believed to be experiencing a mental health crisis, emotional disturbance, or psychiatric emergency, which were in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 26:**

Responding Party objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state

authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 27**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding individuals experiencing a mental health crisis or emotional disturbance, including those who may be experiencing a medical emergency, which were in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 27:**

Responding Party objects to the definition of “STATE” as overbroad and unduly burdensome in that it is defined as “STATE OF CALIFORNIA and all its subdivisions . . . .” Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**<u>REQUEST FOR PRODUCTION NO. 28</u>**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding transporting individuals to a medical facility for medical clearance, including which facility, which were in effect at the time of the INCIDENT.

**<u>RESPONSE TO REQUEST NO. 28:</u>**

Responding Party objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**<u>REQUEST FOR PRODUCTION NO. 29</u>**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding excited delirium, agitated chaotic event, or sudden custody death, which were in effect at the time of the INCIDENT.

**<u>RESPONSE TO REQUEST NO. 29:</u>**

Responding Party objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party further objects to the terms "excited delirium, agitated chaotic event, or sudden

custody death" as vague and ambiguous.

Based upon these objections, and responding only on its own behalf, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents do not exist.

**REQUEST FOR PRODUCTION NO. 30**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding California Welfare and Institutions Code sections 5150, including proper handling of encounters with individuals known or believed to be mentally ill, and the use of restraints on such individuals, which were in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 30:**

Responding Party objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 31**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding de-escalation, which were in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 31:**

Responding Party objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 32**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding the use of force, including control holds, takedowns, swarm techniques, the use of restraint devices, PRONE RESTRAINT, and bodyweight compression, which were in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 32:**

Responding Party objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114

F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 33**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding PRONE RESTRAINT, including any policies addressing the risks of positional or restraint asphyxia, the duration of PRONE RESTRAINT, the "physiology of a struggle," monitoring requirements, and transitioning a restrained person to a position that does not restrict breathing, which were in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 33:**

Responding Party objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the

official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 34**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies, procedures, and training materials regarding the monitoring of restrained individuals for signs of medical distress, including but not limited to abnormal consciousness, breathing, circulation, responsiveness, or vital signs, which were in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 34:**

Responding Party objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 35**:

All DOCUMENTS REFERRING OR RELATING TO STATE and CHP policies, procedures, and training materials regarding the summoning or provision of medical care to individuals in YOUR custody who exhibit signs of medical distress, including but not limited to

abnormal consciousness, breathing, circulation, responsiveness, or vital signs, which were in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 35:**

Responding Party objects to the definitions of "YOUR" and "STATE" as overbroad and unduly burdensome in that they are defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 36**:

All training, certification, and qualification records for each DEFENDANT OFFICER, including but not limited to: courses and/or classes attended, sustainment and/or perishable skills, qualification courses, testing and qualification scores, scenario-based training, defensive tactics, use of force training, restraint training, PRONE RESTRAINT training, de-escalation training, crisis intervention training, mental health awareness training, first aid/first responder training, and ethics training.

**RESPONSE TO REQUEST NO. 36:**

Responding Party objects to this request on the ground that the term "DEFENDANT OFFICER" is vague, ambiguous, and unintelligible in that it includes unidentified "DOES 1

through 5." Responding Party further objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, Responding Party is limiting the scope of the production to Defendant Jeremy Barnhart's training records summary.

**REQUEST FOR PRODUCTION NO. 37**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies regarding the frequency, duration, and substance of training that DEPUTIES were required to complete regarding the use of force, including restraint techniques, PRONE RESTRAINT, bodyweight compression, positional or restraint asphyxia, and monitoring a person for signs of medical distress, which were in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 37:**

Responding Party objects to this request on the ground that the term "DEPUTIES" is undefined. Responding Party further objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114

F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 38**:

All DOCUMENTS that REFER OR RELATE TO any training received by each DEFENDANT OFFICER regarding the use of force, including restraint techniques, PRONE RESTRAINT, bodyweight compression, positional or restraint asphyxia, and monitoring a person for signs of medical distress.

**RESPONSE TO REQUEST NO. 38:**

Responding Party objects to this request on the ground that the term "DEFENDANT OFFICER" is vague, ambiguous, and unintelligible in that it includes unidentified "DOES 1 through 5." Responding Party further objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state

authorities about the importance of those interests. . . .). In addition, Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of the case given that body-worn cameras were not used by the responding officers.

Based upon these objections, Responding Party is limiting the scope of the production to Defendant Jeremy Barnhart's training records summary and policies and training materials produced in response to Request Nos. 32, 34, 35, 37, and 39.

**REQUEST FOR PRODUCTION NO. 39**:

All DOCUMENTS that REFER OR RELATE TO STATE and CHP policies regarding the frequency, duration, and substance of training that OFFICERS were required to complete regarding summoning or rendering medical aid following use of force or during custodial encounters, which were in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 39:**

Responding Party objects to the definition of "OFFICERS" as overbroad and unduly burdensome in that it is defined to include officers employed by "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party further objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served

privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 40**:

All DOCUMENTS that REFER OR RELATE TO any training received by each DEFENDANT OFFICER on summoning or rendering medical aid following use of force or during custodial encounters.

**RESPONSE TO REQUEST NO. 40:**

Responding Party objects to this request on the ground that the term "DEFENDANT OFFICER" is vague, ambiguous, and unintelligible in that it includes unidentified "DOES 1 through 5." Responding Party further objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .). In addition, Responding Party objects to this request on the grounds that it is overbroad and unduly burdensome and seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of the case given that body-worn cameras were not used by the responding officers.

Based upon these objections, Responding Party is limiting the scope of the production to Defendant Jeremy Barnhart's training records summary and policies and training materials produced in response to Request Nos. 32, 34, 35, 37, and 39.

//

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that REFER OR RELATE TO operation of body-worn cameras and personal recording devices that were in effect at the time of the INCIDENT, including policies and training regarding when they should be activated.

**RESPONSE TO REQUEST NO. 41:**

Responding Party objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .). In addition, Responding Party objects to this request on the ground that it seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of the case given that body-worn cameras were not used by the responding officers.

Based upon these objections, Responding Party is not producing any records in response to this request.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS REFERRING OR RELATING TO YOUR policies and procedures for investigating or reviewing IN-CUSTODY DEATHS that were in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 42:**

Responding Party objects to the definition of "YOUR" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114

F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 43**:

All DOCUMENTS that REFER OR RELATE TO the experience of each DEFENDANT OFFICER regarding PRONE RESTRAINT, including any instances in which each DEFENDANT OFFICER participated in the application of, observed, or monitored a person in, PRONE RESTRAINT.

**RESPONSE TO REQUEST NO. 43:**

Responding Party objects to this request on the ground that the term “DEFENDANT OFFICER” is vague, ambiguous, and unintelligible in that it includes unidentified “DOES 1 through 5.” Responding Party further objects to this request on the ground that the term “experience” is vague and ambiguous. In addition, Responding Party objects to this request on the ground that it seeks documents that are not relevant to any party’s claim or defense nor proportional to the needs of the case. Responding Party also objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov’t Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov.

Code § 15101; Driver's Privacy Protection Act (18 U.S.C. §§ 2721, et. seq.); Cal. Veh. Code §§ 1800, et seq., Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, limiting the response to Defendant Jeremy Barnhart, and interpreting the phrase "experience . . . regarding PRONE RESTRAINT" to refer to prior incidents involving prone restraint, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents do not exist.

**REQUEST FOR PRODUCTION NO. 44**:

All DOCUMENTS that REFER OR RELATE TO citizen and/or internal complaints against each DEFENDANT OFFICER involving the following topics: use of force, dishonesty, unlawful detention, false arrest, excessive force, discourtesy, biased policing/behavior, neglect of duty, unauthorized force, unauthorized tactics, failure to summon or render medical aid, or unbecoming conduct.

**RESPONSE TO REQUEST NO. 44:**

Responding Party objects to this request on the ground that the term "DEFENDANT OFFICER" is vague, ambiguous, and unintelligible in that it includes unidentified "DOES 1 through 5." In addition, Responding Party objects to this request on the ground that it seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of the case. Responding Party also objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq.,

Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Driver's Privacy Protection Act (18 U.S.C. §§ 2721, et. seq.); Cal. Veh. Code §§ 1800, et seq., Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and limiting its response to records related to Officer Jeremy Barnhart, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents do not exist.

**REQUEST FOR PRODUCTION NO. 45**:

YOUR policies and procedures regarding the disciplinary criteria and types of discipline of YOUR OFFICERS, in effect at the time of the INCIDENT.

**RESPONSE TO REQUEST NO. 45:**

Responding Party objects to the definition of "OFFICERS" as overbroad and unduly burdensome in that it is defined to include officers employed by "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party further objects to the definition of "YOUR" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the ground that it seeks confidential and privileged documents protected by the official information privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .). In addition, Responding Party objects to this request on the ground that it seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of the case given that no discipline was imposed on the responding officers and Defendant Jeremy Barnhart has no history of discipline.

//

Based upon these objections, Responding Party is not producing any records in response to this request.

**REQUEST FOR PRODUCTION NO. 46**:

All DOCUMENTS REFERRING OR RELATING TO any changes, revisions, or updates to YOUR PRONE RESTRAINT or use of force policies, training programs or materials made after the INCIDENT.

**RESPONSE TO REQUEST NO. 46:**

Responding Party objects to the definition of "YOUR" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the deliberative process privilege. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Evid. Code § 1040(b)(2); Cal. Gov. Code § 15101; *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 47**:

DOCUMENTS sufficient to identify all officials of STATE or CHP who had responsibility for any policies and training regarding the use of force and PRONE RESTRAINT,

as of the date of the INCIDENT.

**RESPONSE TO REQUEST NO. 47:**

Responding Party objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party further objects to this request on the ground that it seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of the case. In addition, Responding Party objects to this request on the ground that it seeks documents that are not relevant to any party's claim or defense nor proportional to the needs of the case. Responding Party also objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege, the deliberative process privilege, and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to HPM 1.1, Chapter 1, which outlines the review process for revision of policy.

**REQUEST FOR PRODUCTION NO. 48**:

All DOCUMENTS REFERRING OR RELATING TO the decision by any POLICYMAKER to approve, ratify, or otherwise endorse the actions of the DEFENDANT OFFICERS during the INCIDENT, including any review, determination, or finding that the DEFENDANT OFFICERS' use of force was within policy.

**RESPONSE TO REQUEST NO. 48:**

After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 49**:

All DOCUMENTS REFERRING OR RELATING TO any POLICYMAKER's review of the INCIDENT and determination regarding whether the DEFENDANT OFFICERS' actions complied with CHP policy, including the complete file of any such review.

**RESPONSE TO REQUEST NO. 49:**

After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 50**:

All DOCUMENTS REFERRING OR RELATING TO any Use of Force Review Board, Critical Incident Review Board, In-Custody Death Review Board, or similar body's review of the INCIDENT, including agendas, minutes, presentations, findings, and recommendations.

**RESPONSE TO REQUEST NO. 50:**

After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 51**:

All DOCUMENTS REFERRING OR RELATING TO any recommendations made by any external oversight body or consultant, inspector general, grand jury, or auditor regarding CHP's use of force or PRONE RESTRAINT policies, training, supervision, or discipline from January 1, 2014 to the present, and all DOCUMENTS REFERRING OR RELATING TO YOUR response to such recommendations.

**RESPONSE TO REQUEST NO. 51:**

Responding Party objects to the definition of "YOUR" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ."

Based upon its objection, and responding only on its own behalf, Responding Party responds as follows: After a diligent search and reasonable inquiry, Responding Party is unable to

comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 52**:

All DOCUMENTS REFERRING OR RELATING TO any consent decree, memorandum of agreement, or other agreement between the STATE or CHP and any federal or state agency regarding the use of force, restraint practices, or IN CUSTODY DEATHS by CHP OFFICERS.

**RESPONSE TO REQUEST NO. 52:**

Responding Party objects to the definition of "OFFICERS" as overbroad and unduly burdensome in that it is defined to include officers employed by "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party further objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ."

Based upon these objections, and responding only on its own behalf, Responding Party responds as follows: After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 53**:

All DOCUMENTS REFERRING OR RELATING TO any prior law enforcement contacts, calls for service, incident reports, or responses involving DECEDENT at any time before the INCIDENT, including 911 calls, MDT/MDC/CAD records, dispatch logs, incident reports, supplemental reports, audio recordings, video recordings, photographs, and any records reflecting DECEDENT's mental health status or history.

**RESPONSE TO REQUEST NO. 53:**

Responding Party objects to this request on the ground that the term "prior law enforcement contacts, calls for service, incident reports, or responses involving DECEDENT at any time before the INCIDENT" is vague and ambiguous.

Based upon its objection, and interpreting the phrase "prior law enforcement contacts, calls for service, incident reports, or responses involving DECEDENT" to refer to such contacts, calls, reports, or responses other than on the date of the INCIDENT, Responding Party responds as follows: After a diligent search and reasonable inquiry, Responding Party is unable to comply

with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 54**:

All DOCUMENTS REFERRING OR RELATING TO any information maintained by STATE or CHP in any database, records management system, or flagging system that identified DECEDENT as an individual with a known mental illness or as a person requiring a specialized response, at any time before the INCIDENT.

**RESPONSE TO REQUEST NO. 54:**

Responding Party objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ."

Based upon its objection, and responding only on its own behalf, Responding Party responds as follows: After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 55**:

All insurance policies or agreements that may provide coverage to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy any judgment for the claims brought in this civil action, including any sharing or pooling agreements or excess coverage policies.

**RESPONSE TO REQUEST NO. 55:**

After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 56**:

All press releases, public statements, social media posts, media advisories, talking points, prepared remarks, and other public-facing COMMUNICATIONS issued by the STATE, CHP, or any STATE or CHP official or spokesperson that REFER OR RELATE TO the INCIDENT, DECEDENT, or the DEFENDANT OFFICERS, as well as all internal DOCUMENTS and COMMUNICATIONS regarding the drafting, review, approval, or dissemination of any such public statement.

//

**RESPONSE TO REQUEST NO. 56:**

Responding Party objects to this request on the ground that the term "DEFENDANT OFFICER" is vague, ambiguous, and unintelligible in that it includes unidentified "DOES 1 through 5." Responding Party further objects to the definition of "STATE" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ."

Based upon its objection, and responding only on its own behalf, Responding Party responds as follows: After a diligent search and reasonable inquiry, Responding Party is unable to comply with this request because the requested documents never existed.

**REQUEST FOR PRODUCTION NO. 57**:

For each special or affirmative defense in YOUR pleadings, all DOCUMENTS that REFER OR RELATE TO that special or affirmative defense.

**RESPONSE TO REQUEST NO. 57:**

Responding Party objects to the definition of "YOUR" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Driver's Privacy Protection Act (18 U.S.C. §§ 2721, et. seq.); Cal. Veh. Code §§ 1800, et seq., Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

**REQUEST FOR PRODUCTION NO. 58**:

All DOCUMENTS listed in YOUR Initial Disclosures and supplements thereto not previously produced.

**RESPONSE TO REQUEST NO. 58:**

Responding Party objects to the definition of "YOUR" as overbroad and unduly burdensome in that it is defined as "STATE OF CALIFORNIA and all its subdivisions . . . ." Responding Party also objects to this request on the grounds that it seeks confidential and privileged documents protected by the official information privilege and the right of privacy. *Kerr v. United States Dist. Court for Northern Dist. of California,* 511 F.2d 192, 198 (9th Cir. 1975); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Stallworth v. Brollini*, 288 F.R.D. 439, 444 (N.D. Cal. 2012) (recognizing federal right of privacy and citing *Whalen v. Roe*, 429 U.S. 589, 599 (1977)); see also, Cal. Const., art. I, § 1, Cal. Civ. Proc. Code § 129(a), Cal. Penal Code § 832.7, Cal. Evid. Code § 1040(b)(2); Cal. Gov't Code §§ 3300, et seq., Cal. Civ. Code §§ 1798, et seq.; Cal. Gov. Code § 15101; Driver's Privacy Protection Act (18 U.S.C. §§ 2721, et. seq.); Cal. Veh. Code §§ 1800, et seq., Cal. Gov. Code § 11015.5 and 11019.9 and Title 13 of the California Code of Regulations. See also *Kelly v. City of San Jose* (N.D. Cal. 1987) 114 F.R.D. 653, 656 ([A]s a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. . . .).

Based upon these objections, and responding only on its own behalf, Responding Party is limiting the scope of the production to all non-privileged, responsive documents in its possession, custody or control. Documents that have been redacted or withheld from production based on the

official information privilege and right of privacy are identified on the concurrently served privilege log. Responding party produces certain records pursuant to the court approved protective order as indicated on the records.

Dated: July 23, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California

s/ Donna M. Dean

DONNA M. DEAN
Supervising Deputy Attorney General
*Attorneys for Defendants*
*State of California, acting by and through California Highway Patrol and Jeremy Barnhart*

## DECLARATION OF SERVICE BY E-MAIL

**Case Name:** Frier v. State of California
**Case Number:** 5:26-cv-01367-EKL
**Party Represented:** State of California, acting by and through California Highway Patrol and Jeremy Barnhart

**Declaration of Electronic Service**

1. I am at least 18 years of age and not a party to this matter.

2. I am employed in the Office of the Attorney General of the State of California. My business address is 300 South Spring Street, Suite 1702, Los Angeles, CA 90013-1230, County of Los Angeles.

3. My electronic service address is Cheryll.Tran@doj.ca.gov.

4. On July 24, 2026, I electronically served the following document[s]:

    a. Privilege Log Regarding Responses of Defendant State of California, Acting by and Through the California Highway Patrol, to Plaintiffs' Request for Production of Documents, Set No. One

    b. Declaration of Lieutenant Ukau Dungca in Support of Privilege Log Regarding Responses of Defendant State of California, Acting by and through the California Highway Patrol, to Plaintiffs' Request for Production of Documents, Set No. One

    c. Responses of Defendant State of California, Acting by and through California Highway Patrol, to Plaintiffs' Requests for Production of Documents, Set No. One

5. I electronically served the aforementioned document[s] by emailing them to the following individual[s]:

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Law Offices of Dale K. Galipo<br>Hang D. Le, Esq.<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367-6479<br>E-mail Address: dalekgalipo@yahoo.com<br>E-mail Address: hlee@galipolaw.com<br>Attorneys for Plaintiffs | John C. Fattahi, Esq.<br>Law Office of John Fattahi<br>21250 Hawthorne Blvd, Suite 500<br>Torrance, CA 90503<br>E-mail Address: jfattahi@gmail.com<br>Attorneys for Plaintiffs |
| | |

| | |
|---|---|
| Jeffrey E. Levine, Esq.<br>Athena S. Budac, Esq.<br>Law Offices of Matheny Sears Linkert & Jaime, LLP<br>3638 American River Drive<br>Sacramento, California 95864<br>E-mail Address: jlevine@mathenysears.com<br>E-mail Address: abudac@mathenysears.com<br>Attorneys for Defendants Falcon Critical Care Transport, LLC, Virgil Farris and Cyrus Ghorbani | |

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on July 24, 2026.

Cheryll Tran
Declarant

CTran
Signature

SF2026600630
68610474

## DECLARATION OF SERVICE BY E-MAIL

**Case Name:** Frier v. State of California
**Case Number:** 5:26-cv-01367-EKL
**Party Represented:** State of California, acting by and through California Highway Patrol and Jeremy Barnhart

**Declaration of Electronic Service**

1. I am at least 18 years of age and not a party to this matter.

2. I am employed in the Office of the Attorney General of the State of California. My business address is 300 South Spring Street, Suite 1702, Los Angeles, CA 90013-1230, County of Los Angeles.

3. My electronic service address is Cheryll.Tran@doj.ca.gov.

4. On July 24, 2026, I electronically served the following document[s]:

   a. Privilege Log Regarding Responses of Defendant State of California, Acting by and Through the California Highway Patrol, to Plaintiffs' Request for Production of Documents, Set No. One

   b. Declaration of Lieutenant Ukau Dungca in Support of Privilege Log Regarding Responses of Defendant State of California, Acting by and through the California Highway Patrol, to Plaintiffs' Request for Production of Documents, Set No. One

   c. Responses of Defendant State of California, Acting by and through California Highway Patrol, to Plaintiffs' Requests for Production of Documents, Set No. One

5. I electronically served the aforementioned document[s] by emailing them to the following individual[s]:

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Law Offices of Dale K. Galipo<br>Hang D. Le, Esq.<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367-6479<br>E-mail Address: dalekgalipo@yahoo.com<br>E-mail Address: hlee@galipolaw.com<br>Attorneys for Plaintiffs | John C. Fattahi, Esq.<br>Law Office of John Fattahi<br>21250 Hawthorne Blvd, Suite 500<br>Torrance, CA 90503<br>E-mail Address: jfattahi@gmail.com<br>Attorneys for Plaintiffs |
| | |

| | |
|---|---|
| Jeffrey E. Levine, Esq.<br>Athena S. Budac, Esq.<br>Law Offices of Matheny Sears Linkert & Jaime, LLP<br>3638 American River Drive<br>Sacramento, California 95864<br>E-mail Address: jlevine@mathenysears.com<br>E-mail Address: abudac@mathenysears.com<br>Attorneys for Defendants Falcon Critical Care Transport, LLC, Virgil Farris and Cyrus Ghorbani | |

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on July 24, 2026.

| | |
|---|---|
| Cheryll Tran | ctran |
| Declarant | Signature |

SF2026600630
68610474

# EXHIBIT 3

**From:** John Fattahi
**To:** Donna Dean; Athena Budac; Jeff Levine; Kym Green
**Cc:** Hang Le; Dale K. Galipo; Santiago Laurel
**Subject:** Frier - Leave to file FAC
**Date:** Tuesday, August 18, 2026 2:46:45 PM
**Attachments:** 2026.08.18 - Frier FAC (001) Clean.docx
Redline FAC.pdf

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Dear Donna, Jeff, and Athena,

Plaintiffs intend to amend the complaint to make various changes, most notably, substituting in CHP Officers Duque and Winfield for Does 1-2.

Please review the attached proposed First Amended Complaint (redline included) and let me know as soon as you can whether your clients stipulate to leave to amend, or whether a formal Rule 15(a) motion will be necessary.

Given that the deadline to seek amendment is tomorrow, I would greatly appreciate a response by noon tomorrow 8/19.

Thanks and best regards,
John

**John Fattahi**
**Law Office of John Fattahi**
21250 Hawthorne Bl Ste 500
Torrance, CA 90503
424.999.5579
jfattahi@gmail.com

This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender and delete this email from your system.

# EXHIBIT 4

**From:** Donna Dean
**To:** John Fattahi; Athena Budac; Jeff Levine; Kym Green
**Cc:** Hang Le; Dale K. Galipo; Santiago Laurel
**Subject:** RE: Frier - Leave to file FAC
**Date:** Wednesday, August 19, 2026 2:10:00 PM
**Attachments:** image001.png

Hi John,

We are agreeable to a stipulation regarding the amended complaint except that the Fourth Cause of Action for supervisor liability should be removed. You have received all of CHP's records related to the incident and have had ample time to identify any individuals involved in the incident and name any Doe defendants. Since you have not identified any involved supervisors, the Fourth Cause of Action is not viable.

Best,

Donna M. Dean
Supervising Deputy Attorney General
Tort & Condemnation Section
California Department of Justice
Office of the Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Phone: (213) 269-6509
Mobile: (213) 408-5268
E-Mail: Donna.Dean@doj.ca.gov

CALIFORNIA DEPARTMENT OF JUSTICE

**From:** John Fattahi <jfattahi@gmail.com>
**Sent:** Wednesday, August 19, 2026 1:39 PM
**To:** Donna Dean <Donna.Dean@doj.ca.gov>; Athena Budac <abudac@mathenysears.com>; Jeff Levine <jlevine@mathenysears.com>; Kym Green <kgreen@mathenysears.com>
**Cc:** Hang Le <hlee@galipolaw.com>; Dale K. Galipo <dalekgalipo@yahoo.com>; Santiago Laurel <slaurel@galipolaw.com>
**Subject:** Re: Frier - Leave to file FAC

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Donna and Jeff,

Can you please let me know your respective positions on the proposed amendment?

If I don't hear back soon I will have to start on the motion to amend.

Thanks,
John

On Tue, Aug 18, 2026 at 2:42 PM John Fattahi <jfattahi@gmail.com> wrote:

> Dear Donna, Jeff, and Athena,
>
> Plaintiffs intend to amend the complaint to make various changes, most notably, substituting in CHP Officers Duque and Winfield for Does 1-2.
>
> Please review the attached proposed First Amended Complaint (redline included) and let me know as soon as you can whether your clients stipulate to leave to amend, or whether a formal Rule 15(a) motion will be necessary.
>
> Given that the deadline to seek amendment is tomorrow, I would greatly appreciate a response by noon tomorrow 8/19.
>
> Thanks and best regards,
> John
>
> **John Fattahi**
> **Law Office of John Fattahi**
> 21250 Hawthorne Bl Ste 500
> Torrance, CA 90503
> 424.999.5579
> jfattahi@gmail.com
>
> This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender and delete this email from your system.

# CERTIFICATE OF SERVICE VIA CM/ECF

Case Name: **Frier v. State of California** Case No. **5:26-cv-01367-EKL**

I hereby certify that on September 1, 2026, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **OPPOSITION OF DEFENDENTS STATE OF CALIFORNIA, ACTING BY AND THROUGH CALIFORNIA HIGHWAY PATROL, AND JEREMY BARNHART TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; DECLARATION OF DONNA M. DEAN IN SUPPORT THEREOF**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| Dale K. Galipo, Esq.<br>Law Offices of Dale K. Galipo<br>Hang D. Le, Esq.<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367-6479<br>E-mail Address: dalekgalipo@yahoo.com<br>E-mail Address: hlee@galipolaw.com<br>*Attorneys for Plaintiffs* | John C. Fattahi, Esq.<br>Law Office of John Fattahi<br>21250 Hawthorne Blvd, Suite 500<br>Torrance, CA 90503<br>E-mail Address: jfattahi@gmail.com<br>*Attorneys for Plaintiffs* |
| Jeffrey E. Levine, Esq.<br>Athena S. Budac, Esq.<br>Law Offices of Matheny Sears Linkert & Jaime, LLP<br>3638 American River Drive<br>Sacramento, California 95864<br>E-mail Address: jlevine@mathenysears.com<br>E-mail Address: abudac@mathenysears.com<br>*Attorneys for Defendants Falcon Critical Care Transport, LLC, Virgil Farris and Cyrus Ghorbani* | |

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 1, 2026, at Los Angeles, California.

| | |
|---|---|
| Justin D. Williams | */s/ Justin Williams* |
| Declarant | Signature |

SF2026600630
68698853