LAW OFFICES OF DALE K. GALIPO
Dale Galipo (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

LAW OFFICE OF JOHN FATTAHI
John Fattahi (SBN 247625)
jfattahi@gmail.com
21250 Hawthorne Blvd, Suite 500
Torrance, CA 90503
Tel: (424) 999-5579

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KENNETH FRIER, etc., et al.,

Plaintiffs,

vs.

STATE OF CALIFORNIA; et al.,

Defendants.

Case No. 5:26-cv-01367-EKL

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; SUPPLEMENTAL DECLARATION OF JOHN FATTAHI**

*Before the Hon. Eumi K. Lee*

Date: December 2, 2026
Time: 10:00 a.m.
Ctrm.: 7, 4th Floor, San Jose

## REPLY MEMORANDUM

The Court should grant Plaintiffs' motion for leave to file the proposed First Amended Complaint. No defendant disputes that leave should be granted for the actual amendment, which identifies two individual defendants and conforms the allegations to recently disclosed evidence. In the sole opposition, State Defendants—State of California and Jeremy Barnhart—attempt to inject a wholly unrelated issue.

State Defendants' opposition seeks dismissal of an unrelated claim for supervisory liability, which was set forth in the original complaint and would be left unchanged by the proposed FAC (except for the substitution of names for individual subordinate officers who are defendants to *other* claims only). This request, essentially an improperly noticed motion under Rule 12(b)(6), should be disregarded. The relevant factor is the futility *of amendment*, not of the pre-existing complaint. State Defendants do not oppose the actual proposed amendment.[1]

In any event, State Defendants have not shown that the pre-existing, unchanged, fourth claim for supervisory liability under § 1983 is futile. The standard, if this were a newly proposed amendment, would be whether "the complaint could not be saved by any amendment." *St. Clair v. Cnty. of Okanogan*, 154 F.4th 1154, 1161 (9th Cir. 2025). It is well-established that "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the

---

[1] Because State Defendants indicated they had no objection to the new amendment, raising only an unrelated issue about a pre-existing claim, there was no reason for Plaintiffs to insist on meeting and conferring about the new amendment by videoconference or in person. *See* Dean Decl. Ex. 4.

constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011). Both complaints assert that Does 6 through 10, CHP supervisors, provided deliberately indifferent training to the individual subordinate officers regarding specific topics, causing the death of Michael Frier.

State Defendants' discussion of a hypothetical future amendment to identify the Doe defendants is also irrelevant to the instant motion. "[W]here the identity of alleged defendants will not be known prior to the filing of a complaint . . . [a] plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Dismissal of Doe defendants is only warranted if (1) discovery would not uncover their identities or (2) dismissal is warranted on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Here, Plaintiffs have sought discovery regarding these supervisors' identities and specific training orders, which ostensibly are within the knowledge of State Defendants.[2] Contrary to State Defendants' argument, there is no need to plead a pre-existing pattern of similar constitutional violations. Rather, a "single instance of excessive

[2] In response to Plaintiffs' request for documents sufficient to identify officials responsible for policies and training regarding relevant topics, the State objected and only agreed to produce generic policy-manual provisions about policy reviews that contain no names. Dean Decl. Ex. 2 at 34–35. As the opposition points out, the State served this response on July 24, 2026, although at least some of the documents could not be downloaded by some Plaintiffs' counsel until July 31 due to technical issues. *See* Fattahi Supp. Decl. ¶ 2.

force" may suffice, when "the unconstitutional consequences of failing to train" are "patently obvious." *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 794 (9th Cir. 2016). Accordingly, even if the Court were to consider State Defendants' improper request to dismiss an unmodified aspect of the original complaint, it should reject the argument on the merits.

For the foregoing reasons, and as set forth in the moving papers, the Court should grant Plaintiffs leave to file their proposed First Amended Complaint.

DATED: September 9, 2026

Law Offices of Dale K. Galipo
Law Office of John Fattahi

s/ John Fattahi
John Fattahi
*Attorney for Plaintiffs*

## SUPPLEMENTAL DECLARATION OF JOHN FATTAHI

I, John Fattahi, declare and state under penalty of perjury, as follows:

1. I am one of the attorneys of record for Plaintiffs Kenneth Frier and Laura Casas Frier. I have personal knowledge of the facts contained in this declaration and if called to testify I could and would competently testify thereto.

2. As State Defendants' opposition correctly points out, the State responded to Plaintiffs' initial requests for production on July 24, 2026, not July 31, 2026, as I had mistakenly indicated previously. The State produced the accompanying documents via a shared network drive, but my office was unable to download all of them initially due to technical issues. My office did eventually receive the complete document production, including the CHP vehicles' video recordings, from co-counsel on July 31, 2026, which is why the document production bore that date in my office's file, and derivatively in the moving papers. Regardless, no party has objected to the proposed amendment on the basis of undue delay.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed on September 9, 2026, at Torrance, California.

/s/ John Fattahi
John Fattahi