LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Hang D. Le, Esq. (SBN 293450)
hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

LAW OFFICE OF JOHN FATTAHI
John Fattahi, Esq. (SBN 247625)
jfattahi@gmail.com
21250 Hawthorne Blvd., Suite 500
Torrance, CA 90503
Tel: (424) 999-5579

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KENNETH FRIER, individually and as successor in interest to MICHAEL FRIER, deceased; and LAURA CASAS FRIER, individually and as successor in interest to MICHAEL FRIER, deceased,

Plaintiffs,

vs.

STATE OF CALIFORNIA; FALCON CRITICAL CARE TRANSPORT, LLC; OFFICER JEREMY BARNHART; OFFICER MIGUEL DUQUE; OFFICER LANCE WINFIELD; VIRGIL FARRIS; CYRUS GHORBANI; and DOES 3-20, inclusive,

Defendants.

Case No. 5:26-cv-01367-EKL

**FIRST AMENDED COMPLAINT**

1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)
2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)
4. Supervisory Liability (42 U.S.C. § 1983)
5. Substantive Due Process—Unlawful Interference with Familial Relations (42 U.S.C. § 1983)
6. False Imprisonment/False Arrest
7. Battery (Survival and Wrongful Death)
8. Negligence and Negligent Training and Supervision (Survival and Wrongful Death)
9. Professional Negligence (Survival and Wrongful Death)
10. Common Carrier Liability (Survival and Wrongful Death)
11. Violation of the Bane Act (Cal. Civil Code § 52.1)

**DEMAND FOR JURY TRIAL**

**FIRST AMENDED COMPLAINT**

KENNETH FRIER, individually and as successor in interest to MICHAEL FRIER, deceased, and LAURA CASAS FRIER, individually and as successor in interest to MICHAEL FRIER, bring this Complaint against Defendants STATE OF CALIFORNIA; FALCON CRITICAL CARE TRANSPORT, LLC; OFFICER JEREMY BARNHART; OFFICER MIGUEL DUQUE; OFFICER LANCE WINFIELD; VIRGIL FARRIS; CYRUS GHORBANI; and DOES 3-20, inclusive, and hereby alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has personal jurisdiction over the defendants because they are residents of and/or doing business in the State of California.

2. Venue is proper in this county in accordance with Section 395(a) of the California Code of Civil Procedure because Defendants, or some of them, reside in this county, and the injuries alleged herein, or some of them, occurred in this county. Venue is further appropriate in this county in accordance with Section 395(a) and Section 395.5 of the California Code of Civil Procedure because the liability occurred within this county.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3. On June 9, 2025, Plaintiffs presented to the State of California their Claims for Damages based on the acts, omissions, damages, and injuries complained of, pursuant to Government Code § 911.2. Over 45 days passed without the State of California acting on the submitted claims.

4. On August 27, 2025, Plaintiffs presented to Falcon Critical Care Transport, LLC, Virgil Farris, and Cyrus Ghorbani a Notice of Intent to Commence Action pursuant to Code of Civil Procedure § 364.

**INTRODUCTION**

5. On December 19, 2024, on the side of the Interstate 280 freeway, during an interfacility transfer for involuntary mental health care, Michael Frier lost his life while in the custody of medical transportation and law enforcement officers. After recklessly allowing Michael to exit the ambulance despite being informed that he was a flight risk, the medical transporters

restrained Michael in the prone position while applying a significant amount of bodyweight and downward pressure. California Highway Patrol officers also applied additional force to restrain Michael, who weighed 141 pounds, restricting his ability to breathe for a prolonged period and depriving him of sufficient oxygen to support life. Michael was 32 years old when he died at the hands of state actors whose job was to help him. He is survived by his parents, Plaintiffs Kenneth Frier and Laura Casas Frier.

**PARTIES**

6. At all relevant times, Decedent MICHAEL FRIER ("DECEDENT") was an individual residing in Mountain View, Santa Clara County, California.

7. Plaintiff KENNETH FRIER ("Plaintiff FRIER") is an individual residing in the Walnut Creek, Contra Costa County, California. Plaintiff is the natural father of Decedent. Plaintiff sues both in his individual capacity as the father of Decedent and in a representative capacity as the successor-in-interest to Decedent pursuant to California Code of Civil Procedure § 377.30. Plaintiff seeks survival damages, wrongful death damages, and punitive damages under federal and state law.

8. Plaintiff LAURA CASAS FRIER ("Plaintiff CASAS FRIER") is an individual residing in the Mountain View, Santa Clara County, California. Plaintiff is the natural mother of Decedent. Plaintiff sues both in her individual capacity as the mother of Decedent and in a representative capacity as the successor-in-interest to Decedent pursuant to California Code of Civil Procedure § 377.30. Plaintiff seeks survival damages, wrongful death damages, and punitive damages under federal and state law.

9. At all relevant times, Defendant STATE OF CALIFORNIA ("STATE") is and was a duly organized public entity existing under the laws of the State of California. STATE is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the California Highway Patrol ("CHP") and its agents and employees. At all relevant times, Defendant STATE was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.

10. At all relevant times, FALCON CRITICAL CARE TRANSPORT, LLC, ("FALCON TRANSPORT") is a Limited Liability Company that is and was doing business in Santa Clara County, California. Plaintiffs are informed of and thereon believe that FALCON TRANSPORT provides medical transportation services under the name Falcon Ambulance or Falcon Critical Care Transport in Santa Clara County. FALCON TRANSPORT claims it "serves over 300 medical facilities through Northern California."

11. At all relevant times, OFFICER JEREMY BARNHART("BARNHART") is a police officer for CHP who was acting under color of state law and within the course and scope of his duties as a police officer for the CHP. BARNHART was acting with the complete authority and ratification of his principal, Defendant STATE. BARNHART is being sued in his individual capacity.

12. At all relevant times, Defendants OFFICER MIGUEL DUQUE ("DUQUE"), OFFICER LANCE WINFIELD ("WINFIELD"), and DOES 3-5 ("DOE OFFICERS") are police officers for CHP who were acting under color of state law and within the course and scope of their duties as police officers for the CHP. DUQUE, WINFIELD, and DOES 2-5 were acting with the complete authority and ratification of their principal, Defendant STATE.

13. At all relevant times, Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of CHP who were acting under color of state law and within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the CHP. DOES 6-10 were acting with the complete authority and ratification of their principal, Defendant STATE.

14. At all relevant times, VIRGIL FARRIS ("FARRIS") is employed as an emergency medical technician ("EMT") for FALCON TRANSPORT. At all relevant times, FARRIS was acting within the course and scope of his employment and under color of state law.

15. At all relevant times, CYRUS GHORBANI ("GHORBANI") is employed as an emergency medical technician ("EMT") for FALCON TRANSPORT. At all relevant times, GHORBANI was acting within the course and scope of his employment and under color of state law.

16. At all relevant times, DOES 11-20 are agents, employees, or contractors of FALCON TRANSPORT and were acting within the course and scope of their employment with FALCON TRANSPORT and under color of state law.

17. In doing the acts and failing and omitting to act as hereinafter described, Defendants BARNHART, DUQUE, WINFIELD, and DOES 3-10 were acting on the implied and actual permission and consent of STATE.

18. In doing the acts and failing and omitting to act as hereinafter described, Defendants FARRIS, GHORBANI, and DOES 11-20 were acting on the implied and actual permission and consent of FALCON TRANSPORT.

19. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants DOES 3-20, inclusive, are unknown to Plaintiffs, who otherwise sues these Defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

20. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

21. All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

22. DUQUE, WINFIELD, and DOES 3-20 are sued in their individual capacity.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

23. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 21 of this Complaint with the same force and effect as if fully set forth herein.

24. On December 19, 2024, FARRIS and GHORBANI were dispatched to Stanford Hospital, located at 500 Pasteur Drive in Palo Alto, California to transport DECEDENT to San Jose Behavioral Health Center on a 5150 hold. On information and belief, FARRIS and GHORBANI were informed that DECEDENT was on a 5150 hold, had a medical history of mental disorder, was gravely disabled, was a flight risk, and exhibited strange/inexplicable behavior. Despite this knowledge, FARRIS and GHORBANI recklessly failed to use appropriate restraints on DECEDENT when they loaded him onto the gurney and into the ambulance.

25. On information and belief, during the transport to San Jose Behavioral Health Center, DECEDENT showed acute symptoms of mental or emotional distress. On information and belief, FARRIS and GHORBANI failed to deploy and use appropriate restraints on DECEDENT. On further information and belief, FARRIS and GHORBANI had failed to secure and lock the rear door of the ambulance, thereby allowing DECEDENT to access and exit the rear door.

26. On information and belief, FARRIS and GHORBANI restrained DECEDENT in a prone position on the ground on the side of the Interstate 280 freeway, held DECEDENT chest-down, and placed substantial weight on DECEDENT's back, interfering with DECEDENT's ability to breathe. Despite having knowledge that DECEDENT was in a medical crisis, FARRIS and GHORBANI failed to place DECEDENT into a recovery position, either him sitting up or on his side. Instead, FARRIS and GHORBANI held DECEDENT chest-down and placed significant weight on DECEDENT's back and body for a significant period of time, thereby interfering with DECEDENT's ability to breathe and causing DECEDENT severe medical distress, including respiratory distress. On information and belief, at some point FARRIS and GHORBANI moved DECEDENT onto his back, while continuing to place substantial weight on DECEDENT's chest and body, interfering with DECEDENT's ability to breathe.

27. On information and belief, FARRIS and GHORBANI failed to properly monitor DECEDENT's breathing and vitals while they held him on the ground with significant weight applied to his body for a significant amount of time. On information and belief, FARRIS and GHORBANI failed to place DECEDENT into a recovery position even after it appeared that DECEDENT was in severe medical distress, including respiratory distress.

28. At some point during FARRIS and GHORBANI's improper and dangerous restraint of DECEDENT, FARRIS and GHORBANI called 9-1-1 to request assistance. On information and belief, BARNHART and DUQUE responded to the scene and observed DECEDENT being held on the ground by FARRIS and GHORBANI with significant weight applied to DECEDENT's chest and body. BARNHART and DUQUE participated in and contributed to the improper and dangerous restraint of DECEDENT, despite it being apparent upon their arrival that DECEDENT was completely under control, posed no threat, and was experiencing medical distress, including respiratory distress.

29. On information and belief, BARNHART and DUQUE directed FARRIS and GHORBANI to improperly restrain DECEDENT in order to facilitate the handcuffing of DECEDENT to take DECEDENT into police custody. On information and belief, FARRIS and GHORBANI continued to improperly restrain DECEDENT in order to facilitate the handcuffing of DECEDENT and assisted in the handcuffing of DECEDENT to take him into custody.

30. On information and belief, handcuffs were successfully placed on DECEDENT. On information and belief, the handcuffing of DECEDENT was not done in furtherance of medical treatment.

31. On information and belief, after DECEDENT was successfully handcuffed, FARRIS, GHORBANI, BARNHART, and DUQUE continued to restrain DECEDENT in an improper position, thereby continuing to interfere with DECEDENT's ability to breathe. On information and belief, FARRIS, GHORBANI, BARNHART, and DUQUE failed to sufficiently monitor DECEDENT's vitals and breathing while DECEDENT was being improperly restrained.

32. On information and belief, after a significant amount of time being restrained in an improper position, DECEDENT was sat up and restrained in an improper position, while still handcuffed, by FARRIS, GHORBANI, BARNHART, and DUQUE. At approximately 5:02 p.m., WINFIELD arrived at the scene. On information and belief, FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD failed to sufficiently monitor DECEDENT's vitals and breathing while DECEDENT was being restrained in an improper seated position. Additionally, FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD failed to provide medical care

and treatment, including CPR, to DECEDENT despite it being apparent that DECEDENT was experiencing medical distress, including respiratory distress. The delay of medical care to DECEDENT was a contributing cause of DECEDENT's harm, injury, pain and suffering, and ultimate death.

33. DECEDENT died as a result of this incident. The subsequent autopsy revealed that DECEDENT had sustained petechial hemorrhages—objective evidence of asphyxiation.

34. Plaintiff FRIER is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds DECEDENT's interest in this action as the natural father of DECEDENT.

35. Plaintiff CASAS FRIER is DECEDENT's successor-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds DECEDENT's interest in this action as the natural mother of DECEDENT.

## FIRST CAUSE OF ACTION

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD)

36. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37. Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD had no objectively reasonable or specifically articulable factual basis to suspect that DECEDENT was involved in the commission of any crime, nor did Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD have any confirmation that DECEDENT had committed any crime, posed any threat to anyone, and did not see DECEDENT in possession of any illegal objects, contraband, or weapons.

38. Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD detained DECEDENT without reasonable suspicion and arrested or attempted to arrest him without probable cause by holding DECEDENT down, handcuffing DECEDENT, and keeping DECEDENT handcuffed and detained in a seated position. Further, the scope and manner of

Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD's detention and arrest of DECEDENT was unreasonable.

39. The conduct of Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40. The conduct of Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD.

41. As a result of their misconduct, Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD are liable for DECEDENT's injuries, either because they were integral participants in the unreasonable seizure or because they failed to prevent these violations.

42. Plaintiff FRIER brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights. Plaintiff FRIER also seeks punitive damages, costs, and attorneys' fees under this claim.

43. Plaintiff CASAS FRIER brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights. Plaintiff CASAS FRIER also seeks punitive damages, costs, and attorneys' fees under this claim.

## SECOND CAUSE OF ACTION

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD)

44. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45. FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD used excessive and unreasonable force against DECEDENT when they caused or allowed DECEDENT to be held against the ground with substantial weight on his chest and body for a significant amount of time. FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD's unjustified use of force deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46. When Defendants FARRIS and GHORBANI continued to hold DECEDENT on the ground to facilitate the handcuffing and arrest of DECEDENT, and later restrained DECEDENT while he was seated upright, they were acting in a law-enforcement capacity to assist BARNHART, DUQUE, and WINFIELD with arresting DECEDENT and taking him into custody. Plaintiffs allege, in the alternative, that these defendants violated DECEDENT's Fourteenth Amendment due process right to safe conditions during involuntary confinement. These defendants acted in concert in effecting the deprivation of DECEDENT's constitutional rights, including by forming a conspiracy with a meeting of the minds, and by willingly participating in joint action.

47. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

48. The manner in which defendants seized DECEDENT was unlawful, unreasonable, excessive, and evidenced inadequate training regarding positional asphyxia and/or indifference to the consequences of applying the unreasonable amount of force used, including acting in reckless disregard to the well-known risks associated with placing weight onto a prone-restrained person.

49. As a result of their misconduct as described above, FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD are liable for DECEDENT's injuries, either because they were integral participants in the use of excessive force or because they failed to intervene to prevent these violations.

50. The conduct of FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD.

51. Plaintiff FRIER brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights. Plaintiff FRIER also seeks punitive damages, costs, and attorneys' fees under this claim.

52. Plaintiff CASAS FRIER brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights. Plaintiff CASAS FRIER also seeks punitive damages, costs, and attorneys' fees under this claim.

## THIRD CAUSE OF ACTION

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD)

53. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set forth herein.

54. Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD failed to provide much needed medical care to DECEDENT, despite it being apparent that DECEDENT was in severe medical distress, including respiratory distress.

55. The denial of medical care by FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

56. When Defendants FARRIS and GHORBANI denied DECEDENT medical care, they were acting in a law-enforcement capacity to assist BARNHART, DUQUE, and WINFIELD with arresting DECEDENT and taking him into custody. Plaintiffs allege, in the alternative, that

these defendants violated DECEDENT's Fourteenth Amendment due process right to safe conditions during involuntary confinement. These defendants acted in concert in effecting the deprivation of DECEDENT's constitutional rights, including by forming a conspiracy with a meeting of the minds, and by willingly participating in joint action.

57. As a result of the foregoing, DECEDENT suffered great physical pain and suffering up to the time of his death, loss of life, loss of enjoyment of life, and loss of earning capacity.

58. FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain, or death, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

59. The conduct of FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD.

60. At all relevant times, FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD were acting under color of state law.

61. As a result of their misconduct as described above, FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD are liable for DECEDENT's injuries, either because they were integral participants or because they failed to intervene to prevent these violations.

62. Plaintiff FRIER brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights. Plaintiff FRIER also seeks punitive damages, costs, and attorneys' fees under this claim.

63. Plaintiff CASAS FRIER brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including pre-death pain and suffering, emotional distress, loss of life, and loss of enjoyment of life for the violation of DECEDENT's rights. Plaintiff CASAS FRIER also seeks punitive damages, costs, and attorneys' fees under this claim.

**<u>FOURTH CAUSE OF ACTION</u>**

**Supervisory Liability (42 U.S.C. § 1983)**

(Against Defendants DOES 6-10)

64. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65. At all relevant times, BARNHART, DUQUE, and WINFIELD acted under color of state law.

66. At all relevant times, DOES 6-10 acted under color of state law and were responsible for supervising their subordinate officers, BARNART, DUQUE, and WINFIELD, regarding the relevant wrongful conduct alleged herein.

67. The actions and inactions of BARNHART, DUQUE, and WINFIELD, as alleged above, deprived DECEDENT and Plaintiffs FRIER and CASAS FRIER of their Fourth and Fourteenth Amendment rights under the United States Constitution. DOES 6-10 directed their subordinate in the violations, or set in motion or refused to terminate the conduct that DOES 6-10 knew or should have known would result in the violations.

68. On information and belief, the actions and inactions of BARNHART, DUQUE, and WINFIELD, as alleged above, were done pursuant to known or obvious training deficiencies and omissions with respect to detention and arrest, placing subjects in a prone position, placing weight or pressure on subjects in a prone position, the risks of positional asphyxiation on subjects placed in a prone position, and the need to place a subject into a recovery position as soon as possible to avoid the risk of positional asphyxiation.

69. On information and belief, DOES 6-10 acted with deliberate indifference and reckless disregard to the obvious consequences of their failure to train their police officers adequately when they failed to provide adequate training to their police officers, including BARNHART, DUQUE, and WINFIELD, with respect to detention and arrest, placing subjects in a prone position, placing weight or pressure on subjects in a prone position, the risks of positional

asphyxiation on subjects placed in a prone position, and the need to place a subject into a recovery position as soon as possible to avoid the risk of positional asphyxiation.

70. On information and belief, the failure of DOES 6-10 to provide adequate training caused the deprivation of DECEDENT's and Plaintiffs FRIER and CASAS FRIER's rights by BARNHART, DUQUE, and WINFIELD; that is, DOES 6-10's failure to train is so closely related to the deprivation of DECEDENT's and Plaintiffs FRIER and CASAS FRIER's rights as to be the moving force that caused the ultimate injury.

71. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

72. Also as a result of the foregoing, Plaintiffs FRIER and CASAS FRIER suffered loss of love, companionship, affection, comfort, care, society, training, guidance, and paste and future support of DECEDENT.

73. Accordingly, DOES 6-10 each are liable to DECEDENT and Plaintiffs FRIER and CASAS FRIER for compensatory damages under 42 U.S.C. § 1983.

74. Plaintiff FRIER brings this claim individually and as successor-in-interest to DECEDENT and seeks survival damages and wrongful death damages for the violation of DECEDENT's rights. Plaintiff FRIER also seeks punitive damages, costs, and attorneys' fees under this claim.

75. Plaintiff CASAS FRIER brings this claim individually and as successor-in-interest to DECEDENT and seeks survival damages and wrongful death damages for the violation of DECEDENT's rights. Plaintiff CASAS FRIER also seeks punitive damages, costs, and attorneys' fees under this claim.

## FIFTH CAUSE OF ACTION

**Substantive Due Process (42 U.S.C. § 1983)**

(Against Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD)

76. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 75 of this Complaint with the same force and effect as if fully set forth herein.

77. Plaintiffs FRIER and CASAS FRIER, and each of them, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in the plaintiffs' familial relationship with their son, DECEDENT.

78. DECEDENT himself had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive his of life, liberty, or property in such a manner as to shock the conscience. DECEDENT also had a specific right to safe conditions during involuntary confinement.

79. The aforementioned actions of FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiffs and Decedent, and with purpose to harm unrelated to any legitimate law enforcement objective.

80. As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD thus violated the substantive due process rights of Plaintiffs and Decedent to be free from unwarranted interference with their familial relationship with each other.

81. As a direct and proximate cause of the acts of FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

82. The conduct of FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD.

83. Plaintiff FRIER brings this claim individually and as successor-in-interest to DECEDENT and seeks survival damages and wrongful death damages for the violation of DECEDENT's rights. Plaintiff FRIER also seeks punitive damages, costs, and attorneys' fees under this claim.

84. Plaintiff CASAS FRIER brings this claim individually and as successor-in-interest to DECEDENT and seeks survival damages and wrongful death damages for the violation of DECEDENT's rights. Plaintiff CASAS FRIER also seeks punitive damages, costs, and attorneys' fees under this claim.

## SIXTH CLAIM FOR RELIEF

**False Arrest/False Imprisonment (Survival and Wrongful Death)**

(Against all Defendants)

85. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 84 of this Complaint with the same force and effect as if fully set forth herein.

86. FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD while working as employees for FALCON TRANSPORT and STATE respectively and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD detained DECEDENT without reasonable suspicion and by their actions arrested him without probable cause.

87. DECEDENT did not knowingly or voluntarily consent.

88. FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD detained DECEDENT for an appreciable amount of time.

89. The conduct of the FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD was a substantial factor in causing the harm to DECEDENT.

90. As a direct and proximate result of the conduct of FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD as alleged above, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity.

91. Also as a direct and proximate result of the conduct of FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

92. The conduct of the FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELDwas malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

93. As a result of their misconduct, the officer defendants are liable for DECEDENT'S injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

94. FALCON TRANSPORT is vicariously liable for the wrongful acts of FARRIS and GHORBANI under California law and the doctrine of *respondeat superior* for the wrongful acts committed by its agents and employees while acting within the scope of their employment.

95. The STATE is vicariously liable for the wrongful acts of BARNHART, DUQUE, and WINFIELD pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

96. Plaintiff FRIER brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff FRIER seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

97. Plaintiff CASAS FRIER brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff CASAS FRIER seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

**SEVENTH CAUSE OF ACTION**

**Battery (Survival and Wrongful Death)**

(Against All Defendants)

98. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 97 of this Complaint with the same force and effect as if fully set forth herein.

99. At all relevant times, FARRIS and GHORBANI were employed by FALCON TRANSPORT and was acting within the course and scope of their duties as EMTs for FALCON TRANSPORT.

100. At all relevant times, BARNHART, DUQUE, and WINFIELD were working as law enforcement officers, employees, or agents for STATE and were acting within the course and scope of their duties as law enforcement officers, employees, or agents for STATE.

101. Defendants FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD intentionally used excessive and unreasonable force as alleged herein, including keeping DECEDENT on the ground while putting weight on his chest and applying gratuitous pressure on his body, and keeping DECEDENT in an improper seated position, or encouraging others to do so.

102. As a direct and proximate result of the conduct of FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD as alleged above, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity.

103. Also as a direct and proximate result of the conduct of FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

104. FALCON TRANSPORT is vicariously liable for the wrongful acts of FARRIS and GHORBANI under California law and the doctrine of *respondeat superior* for the wrongful acts committed by its agents and employees while acting within the scope of their employment.

105. The STATE is vicariously liable for the wrongful acts of BARNHART, DUQUE, and WINFIELD pursuant to section 815.2(a) of the California Government Code, which provides

that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

106. The conduct of FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs, as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages, which Plaintiffs seek under this claim.

107. Plaintiff FRIER brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff FRIER seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

108. Plaintiff CASAS FRIER brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff CASAS FRIER seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

## <u>EIGHTH CAUSE OF ACTION</u>

**Negligence and Negligent Training and Supervision (Survival and Wrongful Death)**

(Against all Defendants)

109. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 108 of this Complaint with the same force and effect as if fully set forth herein.

110. The actions and inactions of Defendants were negligent, grossly negligent, and reckless, including but not limited to:

(a) FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD' failure to properly and adequately assess the need to detain, arrest, and use force and/or deadly force against Plaintiff;

(b) FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD' negligent preparation, tactics and handling of the situation with DECEDENT, including pre-force negligence;

(c) FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD' negligent detention, arrest, and use of force, against DECEDENT;

(d) FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD’ failure to adequately monitor DECEDENT’s vitals and breathing while DECEDENT was being restrained;

(d) FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD’ failure to provide prompt medical care to DECEDENT;

(e) the STATE, FALCON TRANSPORT, DOES 6-10, and DOES 11-20’s failure to properly train and supervise employees, both professional and non-professional, including FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD;

(f) the STATE, FALCON TRANSPORT, DOES 6-10, and DOES 11-20’s retention of employees, both professional and non-professional, including FARRIS, GHORBANI, BARNHART, DUQUE, and WINFIELD whom they knew or should have known did not have the adequate skills to perform the regular duties of their employment or had a propensity for misconduct;

111. As a direct and proximate result of the conduct of FALCON TRANSPORT, FARRIS, GHORBANI, DOES 11-20, BARNHART, DUQUE, WINFIELD, DOE OFFICERS, and DOES 6-10 as alleged above, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity.

112. Also as a direct and proximate result of the conduct of FALCON TRANSPORT, FARRIS, GHORBANI, DOES 11-20, BARNHART, DUQUE, WINFIELD, DOE OFFICERS, and DOES 6-10 as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

113. FALCON TRANSPORT is vicariously liable for the wrongful acts of FARRIS, GHORBANI, and DOES 11-20 under California law and the doctrine of *respondeat superior* for the wrongful acts committed by its agents and employees while acting within the scope of their employment.

114. The STATE is vicariously liable for the wrongful acts of BARNHART, DUQUE, WINFIELD, DOE OFFICERS, and DOES 6-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

115. The conduct of FALCON TRANSPORT, FARRIS, GHORBANI, DOES 11-20, BARNHART, DUQUE, WINFIELD, DOE OFFICERS, and DOES 6-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs, as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages, which Plaintiffs seek under this claim.

116. Plaintiff FRIER brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff FRIER seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

117. Plaintiff CASAS FRIER brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff CASAS FRIER seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

## NINTH CAUSE OF ACTION

**Medical Negligence (Survival and Wrongful Death)**

(Against Defendants FALCON TRANSPORT, FARRIS, and GHORBANI)

118. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 117 of this Complaint with the same force and effect as if fully set forth herein.

119. At all relevant times, FARRIS and GHORBANI were employed by FALCON TRANSPORT and was acting within the course and scope of their duties as EMTs for FALCON TRANSPORT.

120. During all periods of time during which DECEDENT was a patient of Defendants FARRIS and GHORBANI, Defendants FARRIS and GHORBANI agreed to perform for DECEDENT all services necessary to DECEDENT's care, including but not limited to,

observation, examination, evaluation, diagnosis, care and treatment of DECEDENT, and in doing so, FARRIS and GHORBANI established a relationship with DECEDENT, giving rise to FARRIS and GHORBANI's duty to DECEDENT to provide skillful management of DECEDENT's health condition, including but not limited to observation, evaluation, examination, diagnosis, care and treatment of DECEDENT.

121. Defendants FARRIS and GHORBANI breached their duty to DECEDENT to provide skillful management of DECEDENT's health condition, including but not limited to observation, evaluation, examination, diagnosis, care and treatment of DECEDENT.

122. FARRIS and GHORBANI were negligent, careless and unskillful of their management of DECEDENT's health, including but not limited to observation, evaluation, examination, diagnosis, care and treatment that were or should have been provided to DECEDENT.

123. As a direct and proximate result of the conduct of FARRIS and GHORBANI, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity.

124. Also as a direct and proximate result of the conduct of FARRIS and GHORBANI, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

125. FALCON TRANSPORT is vicariously liable for the wrongful acts of FARRIS and GHORBANI under California law and the doctrine of *respondeat superior* for the wrongful acts committed by its agents and employees while acting within the scope of their employment.

126. The conduct of FALCON TRANSPORT, FARRIS, and GHORBANI was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs, as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages, which Plaintiffs seek under this claim.

127. Plaintiff FRIER brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff FRIER seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

128. Plaintiff CASAS FRIER brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff CASAS FRIER seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

**TENTH CAUSE OF ACTION**

**Common Carrier Liability (Survival and Wrongful Death)**

(Against Defendants FALCON TRANSPORT, FARRIS, GHORBANI, and DOES 11-20)

129. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 128 of this Complaint with the same force and effect as if fully set forth herein.

130. At all relevant times, FARRIS and GHORBANI were employed by FALCON TRANSPORT and was acting within the course and scope of their duties as EMTs for FALCON TRANSPORT.

131. At all relevant times, FALCON TRANSPORT provides medical transportation services to the general public throughout Northern California and is therefore a common carrier.

132. At all relevant times, FARRIS and GHORBANI operated a FALCON TRANSPORT vehicle that was a common carrier. DECEDENT was a passenger on the common carrier that was operated by FARRIS and GHORBANI.

133. As a common carrier, FALCON TRANSPORT and its agents and employees must carry passengers safely, use the highest care and vigilance of a very cautious person, and do all that human care, vigilance, and foresight reasonably they reasonably can do under the circumstances to avoid harm to passengers. FALCON TRANSPORT and its agents and employees must use reasonable skill to provide everything necessary for safe transportation, in view of the transportation used and the practical operation of the business.

134. FARRIS, GHORBANI, and FALCON TRANSPORT breached that duty by their acts and failure to act, including but not limited to when FARRIS and GHORBANI failed to take

the necessary precautions to ensure that DECEDENT was properly secured in the transportation vehicle for transportation from one hospital to another, failed to ensure that the rear door of the transportation vehicle was locked and not accessible to DECEDENT, restrained DECEDENT in a prone position with weight and pressure applied to DECEDENT's back and body for an extended period of time, assisted CHP in the arrest of DECEDENT, and failed to properly monitor DECEDENT's vitals and breathing while DECEDENT was being detained and restrained. DOES 11-20 also breached that duty by negligently training, supervising, and retaining employees.

135. As a direct and proximate result of the conduct of FARRIS, GHORBANI, and DOES 11-20, as alleged above, DECEDENT sustained injuries, experienced pain and suffering, died from his injuries and also lost his earning capacity.

136. Also as a direct and proximate result of the conduct of FARRIS, GHORBANI, and DOES 11-20, as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

137. FALCON TRANSPORT is vicariously liable for the wrongful acts of FARRIS, GHORBANI, and DOES 11-20 under California law and the doctrine of *respondeat superior* for the wrongful acts committed by its agents and employees while acting within the scope of their employment.

138. The conduct of FALCON TRANSPORT, FARRIS, GHORBANI, and DOES 11-20 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs, as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages, which Plaintiffs seek under this claim.

139. Plaintiff FRIER brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff FRIER seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

140. Plaintiff CASAS FRIER brings this claim individually and as a successor-in-interest to DECEDENT. Plaintiff CASAS FRIER seeks survival damages and wrongful death damages, including pre-death pain and suffering, under this claim.

**ELEVENTH CAUSE OF ACTION**

**Violation of Cal. Civil Code § 52.1 (Bane Act)**

(Against All Defendants)

141. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 140 of this Complaint with the same force and effect as if fully set forth herein.

142. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's civil rights by threats, coercion, or intimidation.

143. On information and belief, FARRIS, GHORBANI, BARNHART, DUQUE, WINFIELD, and DOE OFFICERS, while working for FALCON TRANSPORT and STATE, respectively, and acting within the course and scope of their duties and employment, interfered with DECEDENT's civil rights by threats, coercion, or intimidation.

144. FARRIS, GHORBANI, BARNHART, DUQUE, WINFIELD, and DOE OFFICERS interfered with DECEDENT's civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

145. FARRIS, GHORBANI, BARNHART, DUQUE, WINFIELD, and DOE OFFICERS intentionally and successfully interfered with the above civil rights of DECEDENT, including his right to be free from excessive force, and acted with a reckless disregard for these rights.

146. The conduct of Defendants was a substantial factor in causing DECEDENT's harms, losses, injuries, and damages.

147. FALCON TRANSPORT is vicariously liable for the wrongful acts of FARRIS and GHORBANI under California law and the doctrine of *respondeat superior* for the wrongful acts committed by its agents and employees while acting within the scope of their employment.

148. The STATE is vicariously liable for the wrongful acts of BARNHART, DUQUE, WINFIELD, and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

149. FARRIS, GHORBANI, BARNHART, DUQUE, WINFIELD, and DOE OFFICERS' conduct was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's rights, justifying an award of exemplary and punitive damages as to FARRIS, GHORBANI, BARNHART, DUQUE, WINFIELD, and DOE OFFICERS.

150. Plaintiff FRIER brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim. Plaintiff FRIER also seeks treble damages, punitive damages, attorney's fees, and costs under this claim.

151. Plaintiff CASAS FRIER brings this claim as successor-in-interest to DECEDENT and seeks survival damages, including emotional distress, loss of life, and loss of enjoyment of life under this claim. Plaintiff CASAS FRIER also seeks treble damages, punitive damages, attorney's fees, and costs under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs KENNETH FRIER and LAURA CASAS FRIER, requests entry of judgment in their favor and against Defendants STATE OF CALIFORNIA, FALCON CRITICAL CARE TRANSPORT, LLC, OFFICER JEREMY BARNHART; OFFICER MIGUEL DUQUE; OFFICER LANCE WINFIELD; VIRGIL FARRIS; CYRUS GHORBANI, and DOES 3-20, inclusive, as follows:

A. For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B. For funeral and burial expenses;

C. For punitive damages against the individual defendants and FALCON TRANSPORT in an amount to be proven at trial;

D. For statutory damages;

E. For treble damages pursuant to California Civil Code Sections 52, 52.1;

F. For interest;

G. For reasonable attorneys' fees, including litigation expenses;

H. For costs of suit; and

I. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: September 22, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICE OF JOHN FATTAHI

By__________________________________

Dale K. Galipo
Hang D. Le
John C. Fattahi
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: September 22, 2026

LAW OFFICES OF DALE K. GALIPO
LAW OFFICE OF JOHN FATTAHI

By______________________________
Dale K. Galipo
Hang D. Le
John C. Fattahi
Attorneys for Plaintiffs