Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
JEFFREY E. LEVINE, ESQ. (SBN 255862)
ATHENA S. BUDAC, ESQ. (SBN 355078)
3638 American River Drive
Sacramento, California 95864
Telephone: (916) 978-3434
Facsimile: (916) 978-3430
jlevine@mathenysears.com
abudac@mathenysears.com

Attorneys for Defendant, FALCON CRITICAL CARE TRANSPORT, LLC, VIRGIL FARRIS and CYRUS GHORBANI

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH FRIER, individually and as successor in interest to MICHAEL FRIER, deceased; and LAURA CASA FRIER, individually and as successor in interest to MICHAEL FRIER, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; FALCON CRITICAL CARE TRANSPORT, LLC; OFFICER BARNHART (BADGE # 23032); VIRGIL FARRIS; CYRUS GHORBANI; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 5:26-cv-1367-EKL<br><br>**DEFENDANTS FALCON CRITICAL CARE TRANSPORT, LLC, VIRGIL FARRIS and CYRUS GHORBANI'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants FALCON CRITICAL CARE TRANSPORT, LLC, VIRGIL FARRIS and CYRUS GHORBANI ("Answering Defendants") hereby respond to the First Amended Complaint of Plaintiffs KENNETH FRIER, individually and as successor in interest to MICHAEL FRIER, deceased; and LAURA CASA FRIER, individually and as successor in interest to MICHAEL FRIER, deceased as follows:

**JURISDICTION AND VENUE**

1. Answering Defendants admit the allegations of paragraph 1 of the Complaint.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

2. Answering Defendants do not object to the venue of this matter in Federal Court.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3. In response to the allegations found in paragraph 3 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents set forth therein and therefore deny the same on those grounds.

4. Answering Defendants deny that the subject notice was presented on August 27, 2025, but otherwise admit the other allegations set forth in paragraph 4 of the Complaint.

**INTRODUCTION**

5. Answering Defendants admit that Michael Frier lost his life on December 19, 2024. Answering Defendants lack sufficient information to admit or deny Michael Frier's age as alleged in paragraph 5 of the Complaint. Answering Defendants deny all other allegations set forth in paragraph 5 of the Complaint.

**PARTIES**

6. In response to the allegations found in paragraph 6 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

7. In response to the allegations found in paragraph 7 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

8. In response to the allegations found in paragraph 8 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

9. In response to the allegations found in paragraph 9 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

10. These Answering Defendants admit the allegations found in paragraph 10 of the Complaint.

11. In response to the allegations found in paragraph 11 of the Complaint, these

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

12. In response to the allegations found in paragraph 12 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds. These Answering Defendants further object to the use of "Doe" Defendants now that the matter has been removed to Federal Court.

13. In response to the allegations found in paragraph 13 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds. These Answering Defendants further object to the use of "Doe" Defendants now that the matter has been removed to Federal Court.

14. These Answering Defendants deny that Virgil Farris was acting under color of state law as alleged. These Answering Defendants admit all other allegations found in paragraph 14 of the Complaint.

15. These Answering Defendants deny that Cyrus Ghorbani was acting under color of state law as alleged. These Answering Defendants admit all other allegations found in paragraph 15 of the Complaint.

16. These Answering Defendants deny that anyone associated with FALCON was acting under color of state law as alleged. These Answering Defendant further object to the use of "Doe" Defendants now that the matter has been removed to Federal Court. These Answering Defendants have insufficient information to admit or deny the remaining allegations fund in paragraph 16 of the Complaint and therefore deny the same on those grounds.

17. In response to the allegations found in paragraph 17 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds. These Answering Defendants further object to the use of "Doe" Defendants now that the matter has been removed to Federal Court.

18. In response to the allegations found in paragraph 18 of the Complaint, these Answering Defendants admit that FARRIS and GHORBANI were in the course and scope of their employment at the times alleged in the Complaint. These Answering Defendants deny all other

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

allegations found in the Complaint and deny any wrongdoing. These Answering Defendants further object to the use of "Doe" Defendants now that the matter has been removed to Federal Court.

19. In response to the allegations found in paragraph 19 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds. These Answering Defendants further object to the use of "Doe" Defendants now that the matter has been removed to Federal Court.

20. Answering Defendants admit that FARRIS and GHORBANI were in the course and scope of employment with FALCON during the relevant time period. These Answering Defendants deny the remaining allegations found in paragraph 20 of the Complaint.

21. Answering Defendants admit that FARRIS and GHORBANI were in the course and scope of employment with FALCON during the relevant time period. These Answering Defendants deny the remaining allegations found in paragraph 21 of the Complaint.

22. In response to the allegations found in paragraph 22 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds. These Answering Defendants further object to the use of "Doe" Defendants now that the matter has been removed to Federal Court.

**FACTS COMMON TO ALL CAUSES OF ACTION**

23. In response to the allegations found in paragraph 23 of the Complaint, these Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

24. Answering Defendants admit that on December 19, 2024, FARRIS and GHORBANI were dispatched to Stanford Hospital, located at 500 Pasteur Drive in Palo Alto, California to transport DECEDENT to San Jose Behavioral Health Center. Answering Defendants deny the remaining allegations found in paragraph 24 of the Complaint.

25. Answering Defendants deny the allegations found in paragraph 25 of the Complaint.

26. Answering Defendants admit that DECEDENT was restrained on the shoulder of Interstate 280 to prevent DECEDENT from entering the Interstate. Answering Defendants deny the remaining allegations set forth in paragraph 26 of the Complaint.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

27. Answering Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28. Answering Defendants admit that Answering Defendants called 911. Answering Defendants deny the remaining allegations set forth in paragraph 28 of the Complaint.

29. Answering Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. In response to the allegations found in paragraph 30 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

31. Answering Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Answering Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

34. In response to the allegations found in paragraph 34 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

35. In response to the allegations found in paragraph 35 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

**FIRST CAUSE OF ACTION**

36. In response to the allegations found in paragraph 36 of the Complaint, these Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

37. Answering Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38. Answering Defendants deny the allegations set forth in paragraph 38 of the

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Complaint.

39. Answering Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Answering Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Answering Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. In response to the allegations found in paragraph 42 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds but deny any entitlement to punitive damages.

43. In response to the allegations found in paragraph 43 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds but deny any entitlement to punitive damages.

**SECOND CAUSE OF ACTION**

44. In response to the allegations found in paragraph 44 of the Complaint, these Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

45. Answering Defendants deny the allegations set forth in paragraph 45 of the Complaint.

46. Answering Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47. Answering Defendants deny the allegations set forth in paragraph 47 of the Complaint to the extent the allegations allege these Answering Defendants caused injury. In response to the remaining allegations found in paragraph 47 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

48. Answering Defendants deny the allegations set forth in paragraph 48 of the Complaint.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

49. Answering Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Answering Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51. In response to the allegations found in paragraph 51 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds but deny any entitlement to punitive damages.

52. In response to the allegations found in paragraph 52 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds but deny any entitlement to punitive damages.

## THIRD CAUSE OF ACTION

53. In response to the allegations found in paragraph 53 of the Complaint, these Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

54. Answering Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55. Answering Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. Answering Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57. Answering Defendants deny the allegations set forth in paragraph 57 of the Complaint to the extent the allegations allege these Answering Defendants caused injury. In response to the remaining allegations found in paragraph 57 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

58. Answering Defendants deny the allegations set forth in paragraph 58 of the Complaint.

59. Answering Defendants deny the allegations set forth in paragraph 59 of the

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Complaint.

60. Answering Defendants deny the allegations set forth in paragraph 60 of the Complaint.

61. Answering Defendants deny the allegations set forth in paragraph 61 of the Complaint.

62. In response to the allegations found in paragraph 62 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds but deny any entitlement to punitive damages.

63. In response to the allegations found in paragraph 63 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds but deny any entitlement to punitive damages.

**FOURTH CAUSE OF ACTION**

64. In response to the allegations found in paragraph 64 of the Complaint, these Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

65. In response to the allegations found in paragraph 65 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

66. In response to the allegations found in paragraph 66 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

67. In response to the allegations found in paragraph 67 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

68. In response to the allegations found in paragraph 68 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

69. In response to the allegations found in paragraph 69 of the Complaint, these

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

70. In response to the allegations found in paragraph 70 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

71. In response to the allegations found in paragraph 71 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

72. In response to the allegations found in paragraph 72 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

73. In response to the allegations found in paragraph 73 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

74. In response to the allegations found in paragraph 74 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

75. In response to the allegations found in paragraph 75 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

## FIFTH CAUSE OF ACTION

76. In response to the allegations found in paragraph 76 of the Complaint, these Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

77. In response to the allegations found in paragraph 77 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

78. In response to the allegations found in paragraph 78 of the Complaint, these

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

79. Answering Defendants deny the allegations set forth in paragraph 79 of the Complaint.

80. Answering Defendants deny the allegations set forth in paragraph 80 of the Complaint.

81. Answering Defendants deny the allegations set forth in paragraph 81 of the Complaint.

82. Answering Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83. In response to the allegations found in paragraph 83 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds but deny any entitlement to punitive damages.

84. In response to the allegations found in paragraph 84 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds but deny any entitlement to punitive damages.

**SIXTH CAUSE OF ACTION**

85. In response to the allegations found in paragraph 85 of the Complaint, these Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

86. Answering Defendants admit that Farris and Ghorbani were working within the course and scope of their employment with FALCON at the time of the alleged incident. Answering Defendants deny the remaining allegations set forth in paragraph 86 of the Complaint.

87. In response to the allegations found in paragraph 87 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

88. Answering Defendants deny the allegations set forth in paragraph 88 of the Complaint.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

89. Answering Defendants deny the allegations set forth in paragraph 89 of the Complaint.

90. Answering Defendants deny the allegations set forth in paragraph 90 of the Complaint.

91. Answering Defendants deny the allegations set forth in paragraph 91 of the Complaint.

92. Answering Defendants deny the allegations set forth in paragraph 92 of the Complaint.

93. In response to the allegations found in paragraph 93 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

94. Answering Defendants admit that FARRIS and GHORBANI were in the course and scope of employment with FALCON during the relevant time period. Answering Defendants object to the remaining allegations set forth in paragraph 94 of the Complaint on the grounds that they constitute a legal conclusion.

95. In response to the allegations found in paragraph 95 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

96. In response to the allegations found in paragraph 96 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

97. In response to the allegations found in paragraph 97 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

## SEVENTH CAUSE OF ACTION

98. In response to the allegations found in paragraph 98 of the Complaint, these Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

99. Answering Defendants admit the allegations set forth in paragraph 99 of the Complaint.

100. In response to the allegations found in paragraph 100 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

101. Answering Defendants deny the allegations set forth in paragraph 101 of the Complaint.

102. Answering Defendants deny the allegations set forth in paragraph 102 of the Complaint.

103. Answering Defendants deny the allegations set forth in paragraph 103 of the Complaint.

104. Answering Defendants admit that FARRIS and GHORBANI were in the course and scope of employment with FALCON during the relevant time period. Answering Defendants object to the remaining allegations set forth in paragraph 104 of the Complaint on the grounds that they constitute a legal conclusion.

105. In response to the allegations found in paragraph 105 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

106. Answering Defendants deny the allegations set forth in paragraph 106 of the Complaint.

107. In response to the allegations found in paragraph 107 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

108. In response to the allegations found in paragraph 108 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

**EIGHTH CAUSE OF ACTION**

109. In response to the allegations found in paragraph 109 of the Complaint, these

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

110. Answering Defendants deny the allegations set forth in paragraph 110 of the Complaint.

111. Answering Defendants deny the allegations set forth in paragraph 111 of the Complaint.

112. Answering Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113. Answering Defendants admit that FARRIS and GHORBANI were in the course and scope of employment with FALCON during the relevant time period. Answering Defendants object to the remaining allegations set forth in paragraph 113 of the Complaint on the grounds that they constitute a legal conclusion.

114. In response to the allegations found in paragraph 114 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

115. Answering Defendants deny the allegations set forth in paragraph 115 of the Complaint.

116. In response to the allegations found in paragraph 116 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

117. In response to the allegations found in paragraph 117 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

**NINTH CAUSE OF ACTION**

118. In response to the allegations found in paragraph 118 of the Complaint, these Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

119. Answering Defendants admit the allegations set forth in paragraph 119 of the

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Complaint.

120. Answering Defendants admit that they were transporting DECEDENT and had agreed to provide medical transport services within their scope of practice. Answering Defendants deny the remaining allegations set forth in paragraph 120 of the Complaint.

121. Answering Defendants deny the allegations set forth in paragraph 121 of the Complaint.

122. Answering Defendants deny the allegations set forth in paragraph 122 of the Complaint.

123. Answering Defendants deny the allegations set forth in paragraph 123 of the Complaint.

124. Answering Defendants deny the allegations set forth in paragraph 124 of the Complaint.

125. Answering Defendants admit that FARRIS and GHORBANI were in the course and scope of employment with FALCON during the relevant time period. Answering Defendants object to the remaining allegations set forth in paragraph 125 of the Complaint on the grounds that they constitute a legal conclusion.

126. Answering Defendants deny the allegations set forth in paragraph 126 of the Complaint.

127. In response to the allegations found in paragraph 127 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

128. In response to the allegations found in paragraph 128 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

**TENTH CAUSE OF ACTION**

129. In response to the allegations found in paragraph 129 of the Complaint, these Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

130. Answering Defendants admit the allegations set forth in paragraph 130 of the Complaint.

131. Answering Defendants admit that FALCON provides medical transportation services pursuant to contracts with hospitals and medical facilities. Answering Defendants object to the remaining allegations founds in paragraph 131 of the Complaint on the grounds that they are not factual allegations but, rather, legal conclusions.

132. Answering Defendants admit that they operated a FALCON vehicle and that Decedent was being transported. Answering Defendants object to the remaining allegations founds in paragraph 132 of the Complaint on the grounds that they are not factual allegations but, rather, legal conclusions.

133. Answering Defendants object to the allegations set forth in paragraph 133 of the Complaint on the grounds they are not factual allegations, but legal conclusions.

134. Answering Defendants deny the allegations set forth in paragraph 134 of the Complaint.

135. Answering Defendants deny the allegations set forth in paragraph 135 of the Complaint.

136. Answering Defendants deny the allegations set forth in paragraph 136 of the Complaint.

137. Answering Defendants admit that FARRIS and GHORBANI were in the course and scope of employment with FALCON during the relevant time period. Answering Defendants object to the remaining allegations set forth in paragraph 137 of the Complaint on the grounds that they constitute a legal conclusion.

138. Answering Defendants deny the allegations set forth in paragraph 138 of the Complaint.

139. In response to the allegations found in paragraph 139 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

140. In response to the allegations found in paragraph 140 of the Complaint, these

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

**ELEVENTH CAUSE OF ACTION**

141. In response to the allegations found in paragraph 141 of the Complaint, these Answering Defendants incorporate by reference the preceding paragraphs as though set forth fully herein.

142. As the allegations set forth in paragraph 142 are a statement of law and not fact, these Answering Defendants submit that no response is warranted or proper.

143. Answering Defendants deny the allegations set forth in paragraph 143 of the Complaint.

144. Answering Defendants deny the allegations set forth in paragraph 144 of the Complaint.

145. Answering Defendants deny the allegations set forth in paragraph 145 of the Complaint.

146. Answering Defendants deny the allegations set forth in paragraph 146 of the Complaint.

147. Answering Defendants admit that FARRIS and GHORBANI were in the course and scope of employment with FALCON during the relevant time period. Answering Defendants object to the remaining allegations set forth in paragraph 147 of the Complaint on the grounds that they constitute a legal conclusion.

148. In response to the allegations found in paragraph 148 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds.

149. Answering Defendants deny the allegations set forth in paragraph 149 of the Complaint.

150. In response to the allegations found in paragraph 150 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds but deny any entitlement to punitive damages.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

151. In response to the allegations found in paragraph 151 of the Complaint, these Answering Defendants lack sufficient information to admit or deny the contents found therein and therefore deny the same on those grounds but deny any entitlement to punitive damages.

**PRAYER FOR RELIEF**

These Answering Defendants deny that Plaintiffs are entitled to any relief whatsoever.

**DEMAND FOR JURY TRIAL**

These Answering Defendants hereby request a trial by jury.

**AFFIRMATIVE DEFENSES**

As and for distinct and affirmative defenses to the causes of action in Plaintiffs' Complaint for Damages on file, these Answering Defendants allege as follows:

**I.**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that neither the Complaint, nor any of the alleged causes of action therein, states facts sufficient to constitute a cause of action against Answering Defendants.

**II.**

**SECOND AFFIRMATIVE DEFENSE**

**(Laches)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that Plaintiffs are barred from recovery based on the equitable doctrine of laches.

**III.**

**THIRD AFFIRMATIVE DEFENSE**

**(No Notice)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that this Answering

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Defendant had no notice of the acts alleged in the Complaint and therefore had no duty to protect Plaintiff from the alleged harm without said notice.

**IV.**

**FOURTH AFFIRMATIVE DEFENSE**

**(Not a State Actor)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that these Answering Defendants are not state actors, did not conspire with state actors nor enter into a special relationship with state actors in the facts and circumstances set forth in Plaintiffs' Complaint filed herein.

**V.**

**FIFTH AFFIRMATIVE DEFENSE**

**(Not Foreseeable)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that injury to Plaintiffs was not foreseeable as a matter of law.

**VI.**

**SIXTH AFFIRMATIVE DEFENSE**

**(Claims are barred by Law)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that one or more of the claims brought by Plaintiffs herein is barred by the law.

**VII.**

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Affirmative Conduct)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that Defendants did not engage in any affirmative conduct to place Plaintiffs' Decedent in danger.

///

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

**VIII.**

**EIGHTH AFFIRMATIVE DEFENSE**

**(Active and Passive Conduct)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that if it is determined that these Answering Defendants were negligent, said negligence was secondary and passive, as contrasted with the active and primary negligence or intentional acts of other parties, these Answering Defendants are therefore not liable for any of the damages or injuries herein claimed by Plaintiffs.

**IX.**

**NINTH AFFIRMATIVE DEFENSE**

**(Superseding Cause)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein these Answering Defendants allege that any injury to Plaintiffs was caused by the act of third persons, including, but not limited to, Plaintiffs' Decedent, which by their intervention prevents Answering Defendants from being liable for harm to Plaintiffs.

**X.**

**TENTH AFFIRMATIVE DEFENSE**

**(Intervening Acts)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that the damages complained of may have been the result of the intervening actions of others and were not proximately caused by the actions or omissions of these Answering Defendants.

**XI.**

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Causal Link)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege these Answering

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

Defendants did not cause harm to Plaintiffs.

**XII.**

**TWELFTH AFFIRMATIVE DEFENSE**

**(Fault of a Non-Party)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that without waiving any defenses, any harm to Plaintiffs was caused by the conduct of a third party not before the Court.

**XIII.**

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that at the time and place of the accident in question, Plaintiffs' Decedent was guilty of carelessness and negligence in and about the matters and things set forth in Plaintiffs' Complaint; that said carelessness and negligence on Plaintiffs' Decedent's part proximately caused and contributed to the happening of the incident in question and the resultant alleged injuries and damage to Plaintiffs, if any.

**XIV.**

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Proposition 51)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, and to each and every purported cause of action contained therein, these Answering Defendants allege that the injuries of which Plaintiffs complain, and for which Plaintiffs seek indemnity, are the proximate result of the acts, errors or omissions, negligence or other legal fault of parties, codefendants, persons, partnerships, corporations and entities, both named and unnamed. By virtue of the provisions of Civil Code section 1431 et seq. (Proposition 51, adopted June 3, 1986), these Answering Defendants respectfully request that damages, if any, be allocated and apportioned amongst all causative factors and that Defendants be found legally responsible only for their determined share of legal fault.

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

**XV.**

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that at the time and place referred to in Plaintiffs' Complaint, Plaintiffs' Decedent reasonably and impliedly and voluntarily assumed the risk of injury and damage to him and that any injury or damage suffered by said Plaintiffs' Decedent at said time and place was voluntarily assumed by him.

**XVI.**

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that said Complaint may be barred by the statute of limitations and/or the provisions of the California Code of Civil Procedure section 335.1, section 340.5 or any other applicable provision.

**XVII.**

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Apportionment of Fault)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein these Answering Defendants are informed, believe and thereon allege that said damages sustained by Plaintiffs were, either wholly or in part, negligently caused by persons, firms, corporations or entities other than these Answering Defendant, and said conduct comparatively reduces the percentage of negligence, if any, by these Answering Defendants.

**XVIII.**

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Cal. Civ. Code §1431.1 et seq)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

to Plaintiffs' Complaint on file herein, these Answering Defendants are informed, believe and thereon allege that California Civil Code Section 1431.1, *et seq*., limits general damages and abates joint and several liability. These Answering Defendants request that the Court apportion the damages, if any, and requires these Answering Defendants to pay only their fair and legal percentage of liability as determined by the trier of fact and/or law.

**XIX.**

**<u>NINETEENTH AFFIRMATIVE DEFENSE</u>**

**(Estoppel)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that Plaintiffs are barred from recovery based on the equitable doctrine of estoppel.

**XX.**

**<u>TWENTIETH AFFIRMATIVE DEFENSE</u>**

**(Collateral Negligence)**

AS AND FOR A FURTHER SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that any negligence as alleged against these Answering Defendants is collateral and is not so closely connected with the result and of such significance that the law is justified in imposing liability.

**XXI.**

**<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>**

**(Good Faith)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that at all times mentioned in the Complaint on file herein, and immediately prior thereto, Answering Defendants acted reasonably and in good faith with their specific authority and jurisdiction and upon reasonable belief in the lawfulness of their respective conduct.

///

///

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

**XXII.**

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Intent)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that at all times mentioned in the Complaint on file herein, and immediately prior thereto, Answering Defendants lacked to requisite intent to satisfy the claims being made against Answering Defendants, and therefore, Answering Defendants are not liable for the claims alleged.

**XXIII.**

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Emergency)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that at all times mentioned in the Complaint on file herein, and immediately prior thereto, Answering Defendants , while acting without negligence, were suddenly and unexpectedly confronted with the presence of an imminent danger to themselves and others and adopted a course of action that any reasonable and prudent person would take in similar circumstances.

**XXIV.**

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Necessity)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that at all times mentioned in the Complaint on file herein, and immediately prior thereto, Answering Defendants, having not created the danger, acted in a manner to prevent significant bodily injury to Decedent and/or the public, and believed the actions taken were necessary to prevent the threatened harm and acted as a reasonable and prudent person would act under similar circumstances.

///

///

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

**XXV.**

**TWENTY- FIFTH AFFIRMATIVE DEFENSE**

**(MICRA)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that pursuant to California Civil Code §3333.1 and §3333.2, any damages awarded to Decedent and/or Plaintiffs herein are capped as set forth in the foregoing statutes.

**XXVI.**

**TWENTY- SIXTH AFFIRMATIVE DEFENSE**

**(Failure to State Basis for Award of Punitive Damages)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that the complaint fails to state facts sufficient to constitute a viable claim for punitive and/or exemplary damages against Answering Defendants.

**XXVII.**

**TWENTY- SEVENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that Plaintiffs' Complaint, to the extent it seeks exemplary and punitive damages pursuant violates Answering Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and violates Answering Defendants' right to "Substantive Due Process" provided in the Fifth and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of California, and therefore, fails to state a claim upon which either punitive or exemplary damages can be awarded.

///

///

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

**XXVIII.**

**TWENTY- EIGHT AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that Plaintiffs' Complaint that the provisions of law allowing the award of punitive damages, and the substantive rules and procedures for determining whether or not to award them, and if so, in what amount, constitute ex post facto laws in violation of Article I, Section 10 of the United States Constitution and Article I, Section 9 of the California Constitution.

**XXIX.**

**TWENTY- NINTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that under Federa Common law, or California Civil Code Section 3294, under which plaintiffs' claims to punitive damages are apparently made, if applicable in this action, is invalid on its face or as applied to these answering defendants pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and Article I, Section 7, 9, 15 and 17 and Article IV, Section 16 of the California Constitution.

**XXX.**

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Subject Matter Jurisdiction)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that the claims against these Answering Defendants based upon Federal Claim are legally insufficient as a matter of law and therefore the claims against these Answering Defendants lack subject matter jurisdiction.

///

///

LAW OFFICES OF
MATHENY SEARS LINKERT & JAIME, LLP
3638 AMERICAN RIVER DRIVE
SACRAMENTO, CALIFORNIA 95864

**XXXI.**

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Right to Assert Additional Affirmative Defenses)**

AS AND FOR A FURTHER, SEPARATE AND DISTINCT ANSWER AND DEFENSE to Plaintiffs' Complaint on file herein, these Answering Defendants allege that Answering Defendants presently have insufficient knowledge and information upon which to form a belief as to whether Answering Defendants may have additional, as yet unstated, defenses. Accordingly, Answering Defendants reserve the right to assert additional defenses in the event discovery and/or investigation reveals a factual and/or legal basis for such affirmative defenses.

WHEREFORE, Answering Defendants pray as follows;

1. That Plaintiffs take nothing by their Complaint and Answering Defendants be dismissed;
2. For reasonable attorneys' fees as allowed by law or by contract;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems fit and proper.

**FURTHER,** these Answering Defendants request a trial by jury.

Dated: October 6, 2026

**MATHENY SEARS LINKERT & JAIME, LLP**

By: /s/ *Jeffrey E. Levine*
JEFFREY E. LEVINE, ESQ., Attorney for Defendants, FALCON CRITICAL CARE TRANSPORT, LLC, VIRGIL FARRIS and CYRUS GHORBANI